COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __VARGAS__        __ERNESTO__        _____
         (Last)              (First)          (Middle Initial)

Prisoner Number: __V12122__

Institutional Address: __CORRECTIONAL TRAINING FACILITY, P.O. BOX 689__

__SOLEDAD, CALIFORNIA 93960__

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FILED
May 22 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

__ERNESTO VARGAS__ )
(Enter your full name.) )
 )
            vs.           )
 )
__L. LOPEZ, et al.,__ )
_____ )
_____ )
_____ )
(Enter the full name(s) of the defendant(s) in this action.) )

Case No. 23-cv-02490-TSH (PR)
(Provided by the clerk upon filing)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983

[JURY TRIAL DEMAND]

I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __CORRECTIONAL TRAINING FACILITY__

B. Is there a grievance procedure in this institution?   YES ☒   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☒   NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: __N/A__ _____

   _____

   _____

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: *Log# 127909 [Time Expired](Under Investigation); Log# 151198 (Disapproved)*

3. Second formal level: *REPEALED*

4. Third formal level: *Log# 127909 (Under Investigation is deemed exhausted within CDCR); Log# 151198 (granted and Re-numbered log# 199286--and subsequently denied)*

E. Is the last level to which you appealed the highest level of appeal available to you?

YES [X]   NO [ ]

F. If you did not present your claim for review through the grievance procedure, explain why. *N/A*

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
*Ernesto Vargas V12122/P.O. Box 689/Soledad, California 93960*

B. For each defendant, provide full name, official position and place of employment.
*L. Lopez is a Correctional Officer and is presently employed at CTF/P.O. Box 689/Soledad, CA 93960; C. Whitman is a Lieutenant and is presently employed at CTF/P.O. Box 689/Soledad, CA 93960*

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

SEE ATTACHED COMPLAINT

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Plaintiff request Declaratory and Injuctive Relief; Plaintif also request Compensatory, Exemplary, Nominal, Punitive and other damages, including Attorney fees and appointment of counsel., and Mental Anguish.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 5-2-2023    [signature]
              Date              Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

Ernesto Vargas V12122
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Plaintiff in Propria Persona

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ERNESTO VARGAS,
        Plaintiff,

v.

L. LOPEZ; C. WHITMAN,
        Defendants.

Case No.

COMPLAINT FOR
DECLARATORY RELIEF
AND MONETARY DAMAGES

(42 U.S.C. § 1983
Civil Rights Action)

[JURY TRIAL DEMAND]

Plaintiff Ernesto Vargas alleges as follows:

I.

INTRODUCTION

1. This is a civil rights complaint for declaratory relief and monetary damages brought over the cruel and unusual punishment, deliberate indifference, disregarding substantial risk, causing serious injuries, negligence and retaliatory actions by Defendants in violation of the legal rights of Plaintiff while he was incarcerated at the Correctional Training Facility (CTF)...Where a prison official (L.Lopez) was deliberate indifference to substantial risk of serious harm that Plaintiff faced at the hands of other prisoners, and where another prison official [Lieutenant] levied reprisals against him for filing

4.

a grievance (a protected conduct) against those prison officials that failed to protect Plaintiff, in violation of the Eighth Amendment and First Amendment.

## II.
## JURISDICTION

2. This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1331, 1343, and § 1367. The individual named-Defendants are persons who violated Plaintiff's state and federal Constitutional rights. Prison personnel who deliberately disregard the substantial risk of serious harm that a prisoner faces at the hands of other prisoners, and who deliberately retaliate against a prisoner for taking part in protected conduct, which violates the Eighth and First Amendments of U.S. Constitution. Plaintiff also seeks declaratory judgment pursuant to 28 U.S.C. § 2201.

## III.
## VENUE

3. Venue is proper in this Court pursuant to Title 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims made herein occurred in this judicial district.

## IV.
## PARTIES

4. Plaintiff Ernesto Vargas (hereinafter, "Plaintiff"), was at all times relevant to this action a prisoner confined in the California Department of Corrections and Rehabilitation (CDCR), and is currently confined at the Correctiona Training Facility (CTF), in Soledad, California.

5.

5. Defendant L. Lopez (hereinafter "Lopez"), was at all times relevant to this action a prison guard employed with the CDCR and was a state actor (acting under color of law). Lopez was legally responsible for, inter alia, ensuring compliance with state and federal laws as it pertains to the compliance with CDCR training while performing his assigned duties and responsibilities observing the safe custody of the inmates confined in the institutions of the department. Lopez knowingly, unlawfully, with specific intent and evil motive violated Plaintiff's rights by being deliberate indifferent and disregarding substantial risk of serious harm that Plaintiff faced at the hands of other prisoners [Bulldogs] when he announced a mandatory yard knowing that Bulldog inmates were waiting to attack Plaintiff due to an ongoing and widespread rivalry between Bulldog affiliates and any Hispanic inmates. In violation of the Eighth Amendment. Lopez is personally responsible for the Constitutional injuries sustained. Lopez is being sued in his individual capacity.

6. Defendant C. Whitman (hereinafter "Whitman"), was at all times relevant to this action a prison guard (Lieutenant) employed with the CDCR and was a state actor (acting under color of law). Whitman was legally responsible for, inter alia, ensuring compliance with state and federal laws as it pertains to the compliance with CDCR training while performing Rule Violation Report 115 (RVR) Hearings of prisoners. Whitman knowingly, unlawfully, arbitrarily and capriciously, with specific intent and evil motive violated Plaintiff's rights, by finding him guilty of an RVR [participating in a riot--although Plaintiff was clearly the victim of Great Bodily Injury at the hands of other prisoners] for filing a grievance against other prison officials related to the failure to protect, In violation of the First Amendment. Whitman is personally responsible for the Constitutional injuries sustained. Whitman is being sued in his individual capacity.

## V.
## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 as though fully set forth herein.

8. Due to ongoing and widespread violence, state wide, between Security Threat Groups (Bulldog affiliates, Southern Hispanic, Mexican Nationals, and Whites), including several major disturbances at CTF, CTF enacted Program Status Report (PSR) CTF-C-18-003.[1/]

9. On May 25, 2021, while housed in E-Wing, Lopez approached Plaintiff and stated, "It's go time! Go handle your business with the Bulldogs. They're waiting on you..." "What are you talking about?" Plaintiff responded.

10. In an attempt to avoid defending himself, Plaintiff informed Lopez that he was not a validated STG. "Good" Lopez snapped. "Go handle your business then they'll make you an STG. You won't have to get off no more."

11. In a last ditch effort to avoid violence, Plaintiff said, "I got a paper in the mail indicating I was an STG." "I don't give a fuck! It's mandatory yard! The gurnies are already out there!" Lopez said angrily.

12. As Plaintiff walked out of E-Wing, and into the yard he was immediately attacked by waiting Bulldog affiliated prisoners--at least eight.

---

[1/] Pursuant to PSR CTF-C-18-003, and other CDCR directives, including a Court ordered injunction (McCarthy v. Frauenheim, No. 19CRWR684722 (Cal. Super. Ct. Feb. 21, 2019)), CDCR instituted a bifurcated program that kept these rivals separate; at CTF-C-Facility, Bulldog affiliates were relegated to a single housing unit (Z-Wing), away from the rest of the population rivals.

7.

13. As a direct result of the attack Plaintiff suffered numerous injuries, including, but not limited to: dislocated shoulder, rectal/internal bleeding, dizziness, blackouts, vision loss, facial fractures, swollen eyes and face; nasal fracture and thyroid nodule injury.

14. As a direct result of Lopez's indifference and negligence, Plaintiff was almost killed, sustained serious and significant physical injuries, sustained permanent disabilities and psychological trauma.

15. As a direct result of Lopez's deliberate indifference and negligence, Plaintiff was forced to endure wanton and unnecessary excruciating pain and suffering.

16. Lopez's actions and/or omission were and continue to be wanton, reckless, callous, deliberate and a total disregard for the rights of Plaintiff serving no legitimate penological objectives.

17. Plaintiff was clearly the victim of an assault by the STG Bulldog affiliated prisoners [in a staged gladiator-style-fight], as noted by several prison official's reports (i.e., Incident Report Package Log#22790: prison official Garcia, Haynes, Ibarra, Solis, Perez and SGT. Glaze [2/]).

18. On or around June 9, 2021, Plaintiff filed a CDCR-602 complaint log# 127090 against prison official Lopez and several non-party prison officials for, inter alia, Eighth Amendment violation, deliberate indifference, disregarding

---

[2/] Although SGT. Glaze noted in this report that Plaintiff was a victim of an assault by Bulldog affiliated prisoners he would reverse course and issue Plaintiff an RVR for participating in a riot. See RVR log#7093330.

8.

substantial risk, causing serious injuries, conspiracy to violate constitutional rights, and negligence.

19. On or around June 8, 2021 Plaintiff was issued a false RVR for participating in a riot log# 7093330--the reporting employee was SGT. Glaze.

20. On or around June 27, 2021 Plaintiff appeared at the disciplinary hearing before defendant Whitman (the Senior Hearing Officer).

21. Whitman refused to consider and document "all evidence" per penal code § 2932, icluding the incident reports by prison officials: Garcia, Haynes, Ibarra, Solis, Perez, and SGT. Glaze's contradicting report.

22. Whitman further informed Plaintiff, during the RVR hearing that he had no choice but to find Plaintiff guilty of "participating in a riot" for two reasons: (A) Plaintiff submitted a Staff complaint against prison official Lopez, Lieutenant Marquez, SGT. McDonald, CTF Warden, and unknown agents for staging the May 25, 2021 gladiator fight/attack; and (B) to absolve themselves from liability for staging it.

23. Whitman further stated, "We all knew they [the Bulldog affiliated prisoners] were going to attack you. If I find you not guilty, I'll get into trouble with my colleagues. Had you not written it up, I probably would have dismiss it."

24. Whitman expressly admitted that he's directly involved with the gladiator set up.

25. Whitman also admitted that Plaintiff was being retaliated against for submitting a staff complaint regarding the gladiator set up. [referring to CDCR-602 complaint log# 127909.]

9.

26. Whitman mocked Plaintiff at the RVR hearing and said, "You should have ran like a bitch!"

27. Plaintiff responded that, "I couldn't run because they were on top of me beating me up--I was pinned." Whitman said, "Oh well." and found me guilty.

28. As a direct result of Whitman's retaliatory, arbitrary and capricious actions, Plaintiff submitted a CDCR-602 complaint log#151198 (which was granted and re-numbered to log#199286).

29. Whitman's actions and/or omissions were and continue to be deliberate, unlawful, retaliatory, arbitrary and capricious and a total disregard for the rights of Plaintiff serving no legitimate penological objectives.

## VI.
## CAUSES OF ACTION
### COUNT 1

DEFENDANT LOPEZ KNOWINGLY, DELIBERATELY AND CALLOUSLY DISREGARDED SUBSTANTIAL RISK TO PLAINTIFF'S HEALTH AND SAFETY WHEN HE ORDERED PLAINTIFF TO A MANDATORY YARD AND TO AWAITING ATTACKERS [BULLDOG AFFILIATED PRISONERS] WHEN IT WAS MADE KNOWN TO HIM THAT PLAINTIFF DID NOT WANT TO GO OUT AND FIGHT

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. Lopez's actions of knowingly, deliberately and callously disregarding the substantial risk [to health and safety] that Plaintiff faced at the hands of awaiting Bulldog affiliated prisoners who nearly killed Plaintiff in a staged gladiator-style fight/attack violated the Eighth Amendment.

32. Lopez knew the likelihood that Plaintiff could be killed or seriously injured by stating, in part, "They're [Bulldogs] waiting on you..." and "I don't give a fuck! It's mandatory yard! The gurnies are already out there!"

33. Plaintiff sustained significant, serious, and permanent physical injuries. Plaintiff was also forced to endure wanton and unnecessary excruciating pain and suffering.

34. There exist no legitimate penological objective in forcing Plaintiff to go out to yard by making it mandatory, nor does it it advance any legitimate goal to force two known warring gang factions onto the prison yard in a gladiatory-style fight.

### COUNT 2

DEFENDANT LOPEZ WAS NEGLIGENT WHEN HE DISREGARDED SUBSTANTIAL RISK TO PLAINTIFF'S HEALTH AND SAFETY WHEN HE ORDERED PLAINTIFF TO A MANDATORY YARD AND TO AWAITING ATTACKERS [BULLDOG AFFILIATED PRISONERS] WHEN IT WAS MADE KNOWN TO HIM THAT PLAINTIFF DID NOT WANT TO GO OUT AND FIGHT

35. Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. Lopez has a fiduciary duty to maintain safety and security of the institution. This duty extends to making a reasonable attempt in keeping prisoners in his custody safe.

37. Lopez forced Plaintiff onto the prison yard into a gladiator-style set up to be attacked by waiting bulldog gang affiliated prisoners, who nearly killed Plaintiff in the attack, when he announced a mandatory yard.

38. As a direct result, Plaintiff was nearly killed by at least eight attackers, and sustained significant, serious and permanent physical injuries. Plaintiff was also forced to endure wanton and unnecessary excruciating pain and suffering.

## SECOND CAUSE OF ACTION
### COUNT 1

*DEFENDANT WHITMAN VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHTS BY FINDING HIM GUILTY DURING AN RVR HEARING BECAUSE HE TOOK PART IN PROTECTED CONDUCT (FILING A GRIEVANCE)*

39. Plaintiff incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. Whitman's actions of deliberately and unlawfully finding Plaintiff guilty of participating in a riot during an RVR hearing because: (A) Plaintiff filed a CDCR-602 complaint against prison officials for staging the gladiator set up; and (B) to absolve themselves from liability for staging it, violated Plaintiff's First Amendment rights.

41. Whitman even went as far as to state, "We all knew they [the Bulldog affiliated prisoners] were going to attack you. If I find you not guilty, I'll get into trouble with my colleagues. Had you not written it up, I probably would have dismiss it."

42. As a direct result of the guilty finding, Plaintiff suffered a 61 day loss of credits, and was placed on Modified Program.

43. Whitman's actions of refusing to consider and document Plaintiff's exculpatory evidence pursuant to Penal Code § 2932, including the reporting employee's contradictory prior report was arbitrary and capricious and deprived Plaintiff the right to have an impartial decision-maker,

44. There exist no legitimate penological objective in retaliating on an inmate for filing a grievance. Prisoners retain the right to redress the government under the First Amendment.

12.

## DECLARATORY RELIEF ALLEGATIONS

45. Plaintiff incorporates paragraphs 1 through 44 as though fully set forth herein.

46. A present and actual controversy exist between Plaintiff and the herein named-Defendants concerning their rights and respective duties. Plaintiff alleges that the named-Defendants had violated his First and Eighth Amendment rights. Plaintiff is informed and believes, and thereon alleges, that the named-Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

## INJUCTIVE RELIEF ALLEGATIONS

47. Plaintiff incorporates paragraphs 1 through 46 as though fully set forth herein.

48. No plain adequate or complete remedy at law is available to Plaintiff to redress the wrongs alleged herein. If the Court does not grant the injuctive relief sought, Plaintiff will be irreparably harmed.

## PRAYER FOR RELIEF

1. For an order enjoining the named-Defendants from engaging in the unlawful conduct alleged in the Complaint.

2. For an order granting other injuctive relief as may be appropriate.

3. For an order granting declaratory relief as may be appropriate.

4. Compensatory damages in the amount of one-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff for the physical injuries sustained.

5. Exemplary damages in the amount of one-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff as an enhancement of

compensatory damages because of the maliciousness, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under color of law from committing these or similar acts.

6. Mental Anguish damages in the amount of one-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff for mental suffering resulting from excruciating pain.

7. Nominal damages in the amount of one-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff which he is entitled to because the law may infer the damages from the breach of an agreement or the invasion of a Constitutional Right in light of the facts described herein.

8. Punitive damages in the amount of ine-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff as an enhancement of compensatory damages because of the maliciousness, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under color of law from committing these or similar acts.

9. Appointment of Counsel as Plaintiff is a layperson and unskilled at law.

10. Economic and non-economic damages.

11. Medical and related expenses, according to proof.

12. Loss of earnings, past and future.

13. Costs of suit incurred herein.

14. Interest, as allowed by law.

15. Attorney's fees and costs.

16. An order directing the U.S. Marshal to serve the Named-Defendants including waiver of any and all processing/service fees.

17. Other such and further relief as the Court deems proper and just.

## VERIFICATION (VERIFIED COMPLAINT)

Being competent to make this declaration and having personal knowledge of the statements and allegations made in this lawsuit, I, Ernesto Vargas, declare under penalty of perjury pursuant to 28 U.S.C. §1746--and under the laws of the state of California--that all statements and allegations made herein are true and correct to the best of my knowledge, information and belief.

Executed this __2__ day of __MAY__, __2023__, at Soledad, California.

_____
DECLARANT AND PLAINTIFF

15.