FILED

Jun 23 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VARGAS,<br>        Plaintiff,<br>    v.<br>L. LOPEZ, et al.,<br>        Defendants. | Case No. 23-cv-02490-TSH<br><br>**ORDER OF SERVICE** |

Plaintiff, an inmate at Correctional Training Facility ("CTF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's complaint, Dkt, No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants CTF prison officials L. Lopez and C. Whitman. The complaint makes the following factual allegations.

During the relevant time period, there was an ongoing and widespread rivalry between Bulldog affiliates and Hispanic inmates. On May 25, 2021, as part of a "gladiator set-up," defendant Lopez forced Plaintiff, a Hispanic inmate, to attend yard, telling Plaintiff, "It's go time! Go handle your business with the Bulldogs. They're waiting on you." Immediately upon entering the yard, Plaintiff was attacked by at least eight Bulldog affiliated prisoners. Plaintiff suffered numerous injuries from the attack, including but not limited to a dislocated shoulder, rectal bleeding, internal bleeding, dizziness, blackouts, vision loss, facial fractures, swollen eyes and face, nasal fracture, and thyroid nodule injury. On June 8, 2021, Plaintiff was issued an RVR regarding the May 25, 2021 events. This RVR falsely charged Plaintiff with participating in a riot. On June 9, 2021, Plaintiff filed a grievance against defendant Lopez and other prison officials, alleging *inter alia* that they were deliberately indifferent to his safety. On June 27, 2021, defendant Whitman found Plaintiff guilty of the RVR, telling Plaintiff that had Plaintiff not filed a grievance regarding the incident, defendant Whitman probably would have dismissed the RVR. Defendant Whitman also admitted that Plaintiff was being retaliated against for submitting a grievance regarding the gladiator set-up. *See generally* ECF No. 1.

Liberally construed, the complaint states the following cognizable claims: (1) an Eighth

1  Amendment claim against defendant L. Lopez for deliberate indifference to Plaintiff's safety, *see*
2  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (Eighth Amendment requires prison officials take
3  reasonable measures to protect prisoners from violence at hands of other prisoners); (2) a state-law
4  negligence claim against defendant L. Lopez, *see Ladd v. Cty. of San Mateo*, 12 Cal. 4th 913, 917
5  (1996) (elements of California negligence cause of action are legal duty to use due care, breach of
6  such legal duty, and breach as proximate or legal cause of resulting injury); and (3) a First
7  Amendment retaliation claim against defendant C. Whitman, *see Rhodes v. Robinson*, 408 F.3d
8  559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment
9  retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action
10 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action
11 (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not
12 reasonably advance a legitimate correctional goal.") (footnote omitted).

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: Correctional Training Facility correctional officers L. Lopez and C. Whitman.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

3

a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. The complaint states the following cognizable claims: (1) an Eighth Amendment claim against defendant L. Lopez for deliberate indifference to Plaintiff's safety; (2) a state-law negligence claim against defendant L. Lopez; and (3) a First Amendment retaliation claim against defendant C. Whitman.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this order is filed, Defendant(s) must file and serve a motion for summary judgment or other dispositive motion.  If Defendant(s) is(are) of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

---

[1] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1  Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The
2  motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on
3  the motion.

4      4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the
5  Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
6  do in order to oppose a motion for summary judgment. Generally, summary judgment must be
7  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
8  any fact that would affect the result of your case, the party who asked for summary judgment is
9  entitled to judgment as a matter of law, which will end your case. When a party you are suing
10 makes a motion for summary judgment that is properly supported by declarations (or other sworn
11 testimony), you cannot simply rely on what your complaint says. Instead, you must set out
12 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
13 as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
14 documents and show that there is a genuine issue of material fact for trial. If you do not submit
15 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
16 If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*
17 *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does
18 not excuse Defendants' obligation to serve said notice again concurrently with a motion for
19 summary judgment. *Woods*, 684 F.3d at 939).

20     5.    All communications by Plaintiff with the Court must be served on Defendants'
21 counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard
22 any document which a party files but fails to send a copy of to his opponent. Until Defendants'
23 counsel has been designated, Plaintiff may mail a true copy of the document directly to
24 Defendants but once Defendants are represented by counsel, all documents must be mailed to
25 counsel rather than directly to Defendants.

26     6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
27 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
28 before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 6/23/2023

_____
THOMAS S. HIXSON
United States Magistrate Judge