UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VARGAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. LOPEZ, et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-02490-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 79 |

The parties have a discovery dispute concerning recently uncovered evidence of an anonymous tip to prison officials that inmates affiliated with the Bulldog prison gang intended to attack non-Bulldog-affiliated prisoners on May 25, 2021. ECF Nos. 79-3 & 79-5. The Court thinks these documents were responsive to RFP 1 because they are references to the incident. Defendants argue otherwise by contending that Plaintiff defined "incident" to mean "the use of force incident with the incident log number CDCR-602 #127090 that occurred in the Central Training Facility, a California State Prison, on May 25, 2021, and involved, among other participants, Plaintiff and Defendants." But the anonymous tip *was* a reference to that use of force incident. It was a forward-looking reference to it, warning of the incident, but that is still a reference to it. Accordingly, the Court agrees with Plaintiff that when Defendants discovered these documents, they were required by Rule 26(e) to supplement their document production with them. They did not fulfill that obligation.

As far as remedies go:

> Plaintiff requests that this Court issue an order (1) requiring Defendants and the CDCR to produce all documents and communications relating to the release of inmates to the Yard on May 25, 2021; (2) allowing Plaintiffs to take limited depositions of CTF Warden Koenig and Correctional Captain Handley prior to October

United States District Court
Northern District of California

10, 2025 about statements made in the withheld documents; (3) allowing Plaintiffs to add CTF Warden Koenig as a witness at trial; and (4) imposing sanctions against Defendants pursuant to Fed. R. Civ. Proc. 37(c)(1)(A) for fees incurred since September 9, 2025 relating to this discovery dispute, or, in the alternative, allowing Plaintiff to inform the jury of Defendants' failure to produce these documents pursuant to Fed. R. Civ. Proc. 37(c)(1)(B).

The Court declines to issue the first requested remedy because this is a new RFP long after the close of fact discovery. While Defendants did not timely supplement their prior document production as they were supposed to, that does not justify Plaintiff essentially serving a new and broader RFP, in particular this close to trial. The Court grants the second and third requests. While Plaintiff was aware of Koenig and Handley, he had no basis to know to question them about this anonymous tip, so these depositions are warranted. Plaintiff may also add Koenig as a trial witness. As for sanctions, that request should be brought as a noticed motion. Civ. L.R. 7-8 & 37-4. The Court will hear the sanctions motion at the final pretrial conference on October 17, 2025.

Accordingly, the Court **ORDERS** as follows:

1. Plaintiff may depose Correctional Captain Handley and retired CTF Warden Koenig for three hours each prior to October 10, 2025 about statements made in the withheld documents.

2. Plaintiff may add CTF Warden Koenig as a witness at trial.

3. Plaintiff's sanctions motion shall be filed no later than October 1, 2025. Defendants' opposition is due October 8, 2025. Plaintiff's reply is due October 10, 2025.

**IT IS SO ORDERED.**

Dated: September 24, 2025

THOMAS S. HIXSON
United States Magistrate Judge