UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VARGAS,<br><br>    Plaintiff,<br><br>    v.<br><br>L. LOPEZ, et al.,<br><br>    Defendants. | Case No. 23-cv-02490-TSH<br><br>**ORDER RE: SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 86 |

Plaintiff Ernesto Vargas, an inmate at the Correctional Training Facility in Soledad, California, brings this case under 42 U.S.C. § 1983 and California state law, against Defendants Correctional Officer L. Lopez-Ortega and Correctional Lieutenant C. Whitman (collectively, "Defendants"). ECF No. 1. The case is set to proceed to jury trial on October 20, 2025, on three claims, two against Lopez-Ortega and one against Whitman. ECF No. 71 ("Pretrial Statement"). On September 19, 2025, the Court ordered the parties to file a joint supplemental brief addressing the issue of comparative fault. ECF No. 80. On September 24, 2025, the parties filed a Joint Statement on Comparative Fault. ECF No. 86 ("Joint Statement").

**A.  Comparative Fault**

Vargas argues that "Defendants waived any comparative fault defense by waiting too long to raise it," and that "Defendants should be precluded from instructing the jury on comparative fault and from arguing the same at trial[.]" Joint Statement at 3:11–14. Defendants contend that (1) Vargas agreed to allow Defendants to present a comparative fault defense at trial; and (2) alternatively, Defendants should be permitted to amend their Answer to include a comparative fault defense. *Id.* at 3–5.

Under California law, comparative fault—also known as comparative negligence—is an

1  affirmative defense to negligence.[1] *Birdsall v. Helfet*, 113 Cal. App. 5th 558, 335 Cal. Rptr.3d
2  500, 509 (2025); *accord Wilson v. United States*, No. 18-cv-1241-JCM(NJK), 2022 WL 834801,
3  at *3 (D. Nev. Mar. 21, 2022); *see also* Fed. R. Civ. P. 8(c)(1) (listing contributory negligence as
4  an affirmative defense). Under the Federal Rules of Civil Procedure, "[i]n responding to a
5  pleading, a party must affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P.
6  8(c)(1). An affirmative defense not raised by the defendant at the pleadings stage is subject to
7  rules of forfeiture and waiver. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133
8  (2008).

9      Here, there is no dispute that Defendants did not plead the affirmative defense of
10 comparative fault in their Answer. *See generally* ECF No. 18 (Answer) (asserting only affirmative
11 defense of qualified immunity). Thus, Defendants' comparative fault defense is subject to waiver.
12 *See Wilson*, 2022 WL 834801, at *3 (holding that because defendant's "answer did not describe
13 the affirmative defense of comparative negligence or state the nature and grounds for raising the
14 defense," defendant waived the defense).

15     Defendants attempt to bypass the waiver rule in asserting that "Vargas agreed in his
16 pretrial filings that Defendants' comparative-fault defense is within the scope of the upcoming
17 trial."[2] Joint Statement at 3:16–18. The Court is not persuaded by this argument. To be sure, the
18 parties' Pretrial Statement and Proposed Verdict Form—filed jointly by the parties—contain
19 language pertaining to a comparative fault defense. *Id.* at 1 n.1, 4:7–18; *see* ECF Nos. 64, 71. But
20 Vargas argues that he did not agree to Defendants' belated defense; Vargas asserts that "[c]ounsel
21 for the Parties *never* directly discussed this issue," and that Vargas's counsel inadvertently signed
22 off on the filings referencing a comparative fault defense. Joint Statement at 3 n.4 (emphasis in

---

[1] In 1975, the California Supreme Court replaced the doctrine of contributory negligence with that of comparative negligence. *LeMons v. Regents of Univ. of California*, 21 Cal. 3d 869, 874 n.5 (1978) (citing *Li v. Yellow Cab Co.*, 13 Cal. 3d 804 (1975)).

[2] Defendants' cited cases put the cart before the horse. Joint Statement at 3:15–4:9. In both *DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd.* and *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, the parties had attended a pretrial conference, and the court had issued a final pretrial order. *See generally DP Aviation*, 268 F.3d 829 (9th Cir. 2001); *Duhn*, 818 F. Supp. 2d 1193 (E.D. Cal. 2011). Neither of those things has occurred in this case.

United States District Court
Northern District of California

original). Vargas's position that he was sandbagged is underscored by the fact that "Vargas's counsel declined defense counsel's request to stipulate to Defendants' requested amendment" to add a comparative fault defense. *Id.* at 4 n.6. Overall, it appears that Defendants raised a new affirmative defense in their pretrial filings in hopes that Vargas's counsel would not catch it. However, Vargas preserved his objection to the comparative fault defense because he explicitly objected to the defense in the parties' proposed jury instructions that were filed on the same day as the Pretrial Statement and Proposed Verdict Form. *Id.* at 1 n.1; *see* ECF No. 70 at 71 ("Defendants have neither raised nor argued the defenses of comparative fault and/or contributory negligence in this action, including in their Answer.").

Further, Defendants' assertion that "Vargas proposed his own comparative-fault jury instruction" is disingenuous. Joint Statement at 4:18–19 (citing ECF No. 70 at 68). Vargas proposed using California Civil Jury Instruction ("CACI") No. 3933 which concerns joint and several liability, not comparative fault of a plaintiff. *See* ECF No. 70 at 68; CACI Instruction 3933. It is true that Vargas used the words "comparative fault" in the title of his proposed jury instruction, but the actual content of the instruction concerned joint and several liability. ECF No. 70 at 68. But Defendants know this—they pointed out the mismatch between the title and content of Vargas's proposed instruction. *See* ECF No. 70 at 70 ("Plaintiff's proposed instruction is an inaccurate statement of the law and confusing in that the instruction is targeted at comparative fault as between Plaintiff and Defendants, not apportionment between Defendants.").

Accordingly, the Court finds that Defendants waived the affirmative defense of comparative fault. *Cf. JH Kelly, LLC v. AECOM Tech. Servs., Inc.*, No. 20-cv-05381-HSG, 2022 WL 1720082, at *4 (N.D. Cal. May 28, 2022) ("The Court accordingly finds that JH Kelly waived its subrogation waiver affirmative defense by waiting to disclose it for the first time a few weeks before trial, and strikes this defense under Rules 16(f) and 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure.").

The Court finds that Defendants fail to demonstrate that leave to amend their Answer is warranted. Under the permissive standards of Rule 15, Defendants are correct that "[i]n general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps.*

3

1  *v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *see* Joint Statement at 5:1–7.  But even
2  under the liberal standards of Rule 15, amendment would be unwarranted here because Defendants
3  raised the issue of comparative fault for the *first time* in their pretrial filings.  Joint Statement at
4  1:2–11, 5:8–20; *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining district court may deny
5  leave to amend for reasons such as undue delay and undue prejudice to the opposing party); *JH
6  Kelly*, 2022 WL 1720082, at *4 ("But JH Kelly's failure to disclose its subrogation waiver defense
7  in this case was not harmless.  By not raising this defense until a few weeks before trial, JH Kelly
8  prevented AECOM from mounting an adequate counterargument."); *compare Sonoma Cnty.*, 708
9  F.3d at 1118 (granting leave to amend complaint where "there is no evidence or allegation of
10 undue delay, bad faith or dilatory motive over the course of these proceedings") (cleaned up).

More importantly, the permissive standards of Rule 15 do not apply here because the Court issued a Rule 16 scheduling order that set April 22, 2024, as the deadline to seek leave to amend pleadings.  ECF No. 24.  Therefore, Defendants' ability to amend their Answer is governed by Rule 16(b), and Defendants must show "good cause" to permit the amendment.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*.  Defendants do not acknowledge that Rule 16 is applicable, say nothing about the rule, and make no assertion that they have shown good cause.  They do not offer any explanation for their delay in raising the affirmative defense other than "the answer was filed before current defense counsel was assigned and implemented a new defense strategy."  Joint Statement at 5:17–20; *see Johnson*, 975 F.2d at 609 ("If that party [seeking leave to amend] was not diligent, the inquiry should end.").  This does not show diligence and does not establish good cause.  The Court also agrees with Vargas that allowing Defendants to amend their pleadings this late in the game would prejudice Vargas.  Joint Statement at 1:12–17.

Accordingly, the Court **ORDERS** that Defendants are precluded from arguing a comparative fault affirmative defense at trial.  The Court **DENIES** Defendants' request for leave

4

to amend their Answer.[3]

**B.     Mitigation Of Damages**

Defendants state that "if the Court rejects Defendants' comparative-fault instruction because of waiver and denies leave to amend their answer, the Court should issue a jury instruction on mitigation of damages and submit Vargas's duty to mitigate damages to the jury." Joint Statement at 5:21–24 (citing CACI 3930). Vargas does not address the issue of mitigation of damages in the parties' supplemental brief. *See generally id.*

The Court **ORDERS** the parties to file a joint statement not to exceed five pages no later than 3:00 p.m. on October 1, 2025, concerning whether the Court should issue an instruction concerning mitigation of damages, and if so, what the instruction should say. The parties shall also discuss whether the Court should defer a decision on that issue until the close of evidence to see if there is a factual basis to give such an instruction.

**IT IS SO ORDERED.**

Dated: September 29, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[3] Vargas also argues that "Questions 10-12 should be removed from the Proposed Special Verdict Form (ECF 64)." Joint Statement at 3:11–14. Given the Court's ruling, the Court will not include Questions 11 and 12 from its Proposed Verdict Form in the final verdict form. *See* ECF No. 82.