UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VARGAS, | Case No. 23-cv-02490-TSH |
| Plaintiff, | |
| v. | **ORDER RE: JURY INSTRUCTIONS** |
| L. LOPEZ, et al., | |
| Defendants. | |

The Court will use preliminary instructions, which will be read at the beginning of trial after the jury is sworn in and before opening statements. After the close of evidence, the Court will have a charging conference to finalize the final instructions, so the parties will know what they are for purposes of making their closing arguments. The Court will read the final instructions following closing arguments and will provide a written copy of the final instructions for the jurors to take into the jury room during their deliberations.

**Preliminary Jury Instructions**

The Court will not provide the jury with a written set of the preliminary instructions. The Court will use stipulated instruction No. 1 (which corresponds to instruction 1.3).[1]

---

[1] Unless otherwise stated, references to an "instruction" (as opposed to a stipulated or disputed instruction) mean the Ninth Circuit's Model Civil Jury Instructions, *available at* https://www.ce9.uscourts.gov/jury-instructions/model-civil (rev. Mar. 2025).

For disputed instruction No. 2, the Court generally prefers Plaintiff's version, which follows instruction 1.5. However, the Court will not include the following language: "Defendants also contend that Officer Lopez-Ortega and Lieutenant Whitman entitled to qualified immunity. Defendants have the burden of proof on their defenses." Defendants' sole affirmative defense is qualified immunity, which is for the Court, not the jury, to resolve. Accordingly, the Court will use the following instruction 1.5:

> To help you follow the evidence, I will give you a brief summary of the positions of the parties:
>
> Plaintiff Ernesto Vargas asserts the following three claims against the defendants: (1) an Eighth Amendment claim under 42 U.S.C. § 1983 against Officer Lopez-Ortega for deliberate indifference to Vargas's safety; (2) a negligence claim against Officer Lopez-Ortega under California common law; and (3) a First Amendment retaliation claim under 42 U.S.C. § 1983 against Lieutenant Whitman. Plaintiff has the burden of proving these claims.
>
> Defendants deny the allegations of wrongdoing.

The Court will include the parties' stipulated instruction No. 3 (Action Solely Against Defendants) (ECF No. 70 at 11), modified slightly as follows (to explain what "CDCR" is):

> This is not an action against the State of California or against the California Department of Corrections and Rehabilitation ("CDCR") or any prison of the California Department of Corrections and Rehabilitation.
>
> Plaintiff Ernesto Vargas is a State prisoner incarcerated at the Correctional Training Facility ("CTF") in Soledad, California.
>
> This is an action against Defendants Whitman and Lopez-Ortega, who are CDCR correctional officers working at the CTF.

The Court will use stipulated instruction No. 4 (which corresponds to instruction 1.6). The parties agree that on his negligence claim, Plaintiff has the burden to prove by clear and convincing evidence that punitive damages should be awarded (*see* stipulated instruction No. 32), yet they have omitted instruction 1.7. The Court will use instruction 1.7. The Court will use stipulated instructions Nos. 5 and 6 (which correspond to instructions 1.8 and 1.9). The Court will use stipulated instruction No. 7 (which corresponds to instruction 1.10), with the following modification: "In addition, some evidence ~~was~~ <u>may be</u> received only for a limited purpose; when

2

1  I <u>instruct</u> ~~have instructed~~ you to consider certain evidence only for a limited purpose, you must do
2  so and you may not consider that evidence for any other purpose." The Court will also use
3  instruction 1.11 ("Some evidence may be admitted only for a limited purpose. When I instruct you
4  that an item of evidence has been admitted only for a limited purpose, you must consider it only
5  for that limited purpose and not for any other purpose."). The Court will use stipulated instruction
6  No. 8 (which corresponds to instruction 1.12).

7  The Court will use stipulated instructions Nos. 9 and 10 (which correspond to instructions
8  1.13 and 1.14). The Court will use stipulated instruction No. 11 (which corresponds to instruction
9  1.15) modified as follows: "If any juror is exposed to any outside information, please notify the
10 court immediately<u>, by sending a note through the courtroom deputy signed by any one or more of</u>
11 <u>you</u>."

12 The Court will also use instruction 1.17. The Court will use stipulated instruction No. 12
13 (corresponding to instruction 1.18) modified as follows:

14 > If you wish, you may take notes to help you remember the evidence.
> If you do take notes, please keep them to yourself until you go to the
15 > jury room to decide the case. Do not let notetaking distract you. When
> you leave, your notes should be left in the ~~courtroom~~ <u>jury room</u>. No
16 > one will read your notes.

17 > Whether or not you take notes, you should rely on your own memory
> of the evidence. Notes are only to assist your memory. You should
18 > not be overly influenced by your notes or those of other jurors.

19 The Court will use stipulated instructions 13 and 14 (which correspond to instructions 1.20
20 and 1.21). The Court will not use stipulated instruction No. 15 because it is duplicative of
21 stipulated instruction No. 10. The Court will use Defendants' disputed instruction No. 16 because
22 it adheres to instruction 2.9 and because Vargas has stated that he intends to provide at least some
23 testimony concerning his 2003 conviction.

24 The Court will not use either sides' disputed instruction No. 17 (Evidence of Habit or
25 Routine Practice) (ECF No. 70 at 29) because it is not included in the model jury instructions, nor
26 have the parties identified evidence they plan to introduce constituting habit evidence. In addition,
27 both sides' proposed instructions are contested summaries of Federal Rules of Evidence 404, 405
28 and 406. But the Federal Rules of Evidence are for the Court to follow in deciding what is

3

admissible; they are not meant to be jury instructions.

The Court will not use Plaintiff's disputed instruction No. 18. Instead, the Court will use instruction 2.4 in the preliminary instructions, modified to reflect Plaintiff's argument that he may use deposition testimony from witnesses who are available to testify at trial:

> You may hear from a deposition during the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.
>
> Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as you consider testimony given in court.

**Final Jury Instructions**

The Court will use stipulated instruction No. 19 (which corresponds to instruction 1.4).

The Court will use stipulated instruction No. 20 (which corresponds to instruction 9.1).

For disputed instruction No. 21, the parties each submit a version of instruction 9.3. The Court will use the following instruction 9.3:

> In order to prevail on his § 1983 claim against Defendants Lopez-Ortega and Whitman, Vargas must prove each of the following elements by a preponderance of the evidence:
>
> 1. The defendant acted under color of state law; and
>
> 2. The act or failure to act of the defendant deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions; and
>
> 3. The defendant's conduct was an actual cause of the claimed injury.
>
> A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Defendants acted under color of state law.
>
> The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred 'but for' that conduct, and the conduct has a sufficient connection to the result.
>
> If you find that Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under Instruction _ [Particular Rights—Eighth Amendment], your verdict should be for Plaintiff as to that claim. If, on the other hand,

4

you find that Plaintiff has failed to prove any one or more of these elements as to that claim, your verdict should be for that defendant.

If you find that Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under Instruction _ [Particular Rights—First Amendment Retaliation], your verdict should be for Plaintiff as to that claim. If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements as to that claim, your verdict should be for that defendant.

For disputed instruction No. 22, the parties each submit a version of instruction 9.28. The Court will use the following instruction 9.28:

> As previously explained, Plaintiff has the burden of proving that the act or failure to act of Defendant Lopez-Ortega deprived him of particular rights under the United States Constitution. In this case, Plaintiff alleges Defendant Lopez-Ortega deprived him of his rights under the Eighth Amendment to the Constitution when Defendant Lopez-Ortega purposely released Plaintiff to the prison yard.
>
> Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." To prove Defendant Lopez-Ortega deprived Plaintiff of this Eighth Amendment right, Plaintiff must prove the following elements by a preponderance of the evidence:
>
> First, Defendant Lopez-Ortega made an intentional decision with respect to the conditions under Plaintiff was confined;
>
> Second, those conditions put Plaintiff at substantial risk of suffering serious harm;
>
> Third, Defendant Lopez-Ortega did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of Defendant Lopez-Ortega's conduct obvious; and
>
> Fourth, by not taking such measures, Defendant Lopez-Ortega caused Plaintiff's injuries.
>
> With respect to the third element, Defendant Lopez-Ortega's conduct must be both objectively unreasonable and done with a subjective awareness of the risk of harm. In other words, Defendant Lopez-Ortega must have known facts from which an inference could be drawn that there was a substantial risk of serious harm, and he must have actually drawn that inference.

The parties dispute whether instruction 9.28 should include a deference instruction. The Ninth Circuit requires a deference instruction when there is no genuine dispute that two conditions are met: "whether the treatment the prisoner challenges (1) was provided pursuant to a security-based

5

policy or practice, and, if so, (2) was a necessary, justified, and non-exaggerated response to security needs." *Fierro v. Smith*, 39 F.4th 640, 648 (9th Cir. 2022). "The plaintiff bears the burden of producing 'substantial evidence' in the record that the two conditions are not met." Instruction 9.28 Comments (citing *Shorter v. Baca*, 895 F.3d 1176, 1183 (9th Cir. 2018)). By contrast, if there is no genuine dispute that either or both conditions are not met, "the deference instruction may not be given." *Fierro*, 39 F.4th at 648. The Court does not decide this issue now, in advance of trial. Instead, after the close of evidence, the Court will discuss the issue with the parties at the charging conference.

For disputed instruction No. 23, the parties each submit a version of instruction 9.11A. The Court will use the following instruction 9.11A:

> As previously explained, Plaintiff has the burden of proving that the act of Defendant Whitman deprived him of particular rights under the United States Constitution. In this case, Plaintiff alleges Defendant Whitman deprived him of his rights under the First Amendment to the Constitution when Defendant Whitman retaliated against him for filing a grievance by denying Plaintiff's appeal of the Rule Violation Report ("RVR") issued against him.
>
> Under the First Amendment, a prisoner has the right to access the courts and petition the government for redress of grievances. This includes the right to file prison grievances. To establish Defendant Whitman deprived Plaintiff of this First Amendment right, Plaintiff must prove the following additional elements by a preponderance of the evidence:
>
> 1. Plaintiff was engaged in conduct protected under the First Amendment;
>
> 2. Defendant Whitman took adverse action against Plaintiff;
>
> 3. Defendant Whitman took adverse action against Plaintiff because of Plaintiff's protected conduct;
>
> 4. The adverse action taken by Defendant Whitman chilled Plaintiff's exercise of his First Amendment rights; and
>
> 5. The action taken by Defendant Whitman did not reasonably advance a legitimate correctional goal.
>
> For this type of claim, adverse action is action that would chill or silence a person of ordinary firmness from engaging in that activity.
>
> To prevail, Plaintiff must show that his protected conduct was the substantial or motivating factor behind Defendant Whitman's

> conduct. A substantial or motivating factor is a significant factor. The chronology of events may be considered as circumstantial evidence of a causal connection between the adverse action and the plaintiff's protected conduct.

The Court will evaluate Defendants' request for a deference instruction after the close of evidence.

For disputed instruction No. 24, the parties each submit a proposed instruction 9.8 (comments only) (2019). The Court will use the following instruction 9.2 (comments only):

> In order to establish that the acts or failure to act of Defendant Lopez-Ortega caused him harm, Plaintiff must show that the Defendant Lopez-Ortega's conduct was the actionable cause of his claimed injury. Plaintiff must establish both causation-in-fact and proximate causation.
>
> A defendant's conduct is a "cause-in-fact," of a plaintiff's injury only if the injury would not have occurred but for that conduct.
>
> A defendant's conduct is a "proximate cause" of a plaintiff's injury if it was not just any cause, but one with a sufficient connection to the result, meaning that the plaintiff's injury was a reasonably probable consequence of the defendant's action or failure to act.

Vargas argues that separate causation instructions are warranted for each Defendant. ECF No. 70 at 57. However, a separate causation instruction for Whitman is unnecessary because causation is already explained in instruction 9.11A, specific to the First Amendment cause of action. *See* Instruction 9.2 Comments ("When a § 1983 claim alleges discrimination because of the plaintiff's exercise of a First Amendment right, use the 'substantial or motivating factor' formulation already included in Instructions 9.9 . . . and 9.11[.]"). Thus, the Court will not give Plaintiff's disputed instruction No. 25.

For disputed instruction No. 26, the parties each submit a proposed CACI instruction 400. Vargas requests that CACI instruction 400 include the special duty of care owed to Vargas by Defendant Lopez-Ortega. ECF No. 70 at 64. "[T]he existence of a duty is a question of law for the court." *Kentucky Fried Chicken of Cal., Inc. v. Superior Ct.*, 14 Cal. 4th 814, 819 (1997). The Court agrees with Vargas that under California law, "there exists a special relationship between a jailer and a prisoner giving rise to a duty of care to protect the prisoner from foreseeable harm inflicted by a third party." ECF No. 70 at 67; *see Brown v. USA Taekwondo*, 11 Cal. 5th 204, 215 (2021) ("In a case involving harm caused by a third party, a person may have an affirmative duty to protect the victim of another's harm if that person is in what the law calls a 'special

7

relationship' with either the victim or the person who created the harm."); *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 253–54 (2008) ("there is a special relationship between jailer and prisoner which imposes a duty of care on the jailer to the prisoner"). The Court finds that it is appropriate to include this special duty of care in the general instruction for negligence. *See* CACI Instruction 400 (discussing special relationships and corresponding duty of care); *cf.* Instruction 9.28 (including duty to protect in instruction). Therefore, the Court will use the following CACI instruction 400:

> Plaintiff claims that he was harmed by Defendant Lopez-Ortega's negligence. To establish this claim, Mr. Vargas must prove all of the following:
>
> 1. That Defendant Lopez-Ortega was negligent;
> 2. That Plaintiff was harmed; and
> 3. That Defendant Lopez-Ortega's negligence was a substantial factor in causing Mr. Vargas's harm.
>
> Defendant Officer Lopez-Ortega had a duty to protect Plaintiff from foreseeable harm inflicted by a third party.

In disputed instruction No. 27, Defendants submit a proposed CACI instruction 401. Vargas objects to this instruction, arguing that "the basic standard of care does not apply to [the negligence claim]" because of the special relationship between a jailer and prisoner. ECF No. 70 at 67. Vargas conflates the duty of care with the standard of care. *See Ramirez v. Plough, Inc.*, 6 Cal. 4th 539, 546 (1993) (explaining the standard of care "concern[s] the scope of an established duty"). As discussed, the Court will include the appropriate duty of care in CACI instruction 400. But "[i]n most cases, courts have fixed no standard of care for tort liability more precise than that of a reasonably prudent person under like circumstances." *Id.* Vargas has not demonstrated that the standard of care applicable here differs from the usual reasonable person standard. Therefore, the Court will use the following CACI instruction 401:

> Negligence is the failure to use reasonable care to prevent harm to oneself or to others.
>
> A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.
>
> You must decide how a reasonably careful person would have acted

in Defendant Lopez-Ortega's situation.

In disputed instruction No. 28, Vargas submits a proposed CACI instruction 3933, and Defendants submit a proposed CACI instruction 405. The Court will not use CACI instruction 3933 because this case does not involve "joint and several liability of multiple defendants." *See* CACI Instruction 3933. As explained in ECF No. 87, the Court will not give CACI Instruction 405 concerning comparative fault.

The Court will use stipulated instruction No. 29 (which is CACI instruction 430).

In disputed instruction No. 30, the parties each submit a version of instructions 5.1 and 5.2. The Court will use the following instructions 5.1 and 5.2:

> It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.
>
> If you find for Plaintiff on his First Amendment claim, his Eighth Amendment claim, or his negligence claim, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendants. In determining the measure of damages, you should consider the following:
>
> 1. The nature and extent of the injuries;
>
> 2. The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
>
> 3. The mental, physical, or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;
>
> It is for you to determine what damages, if any, have been proved.
>
> Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

The Court will not use the parties' stipulated instruction No. 31 (which is based on instruction 5.6). *See Adkins v. Facebook, Inc.,* 424 F.Supp.3d 686, 695 (N.D. Cal. 2019) ("California has long held that it is fundamental that a negligent act is not actionable unless it results in injury to another. California also holds that nominal damages, to vindicate a technical

9

right, cannot be recovered in a negligence action, where no actual loss has occurred.") (cleaned up). Instead, the Court will use the following instruction 5.6:

> The law that applies to this case authorizes an award of nominal damages for Plaintiff's First Amendment and Eighth Amendment claims. If you find for Plaintiff on his First Amendment or Eighth Amendment claim but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.
>
> If you find for Plaintiff on his negligence claim but you find that he has failed to prove damages as defined in these instructions, you may not award nominal damages.

The Court will use the parties' stipulated instruction 32, which is based on instruction 5.5, modified as to state law claims. *See Meier v. City of Brisbane,* No. 21-cv-5504-DMR, 2022 WL 523327, at *6 (N.D. Cal. Feb. 2, 2022) ("Regarding the negligence claim against Sevilla, punitive damages are available under California law if a plaintiff proves 'by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice.'") (citing Cal. Civ. Code § 3294(a)).

The Court will use stipulated instructions Nos. 33 and 34, which are based on instructions 3.1 and 3.3. For stipulated instruction No. 33, the Court will replace "presiding juror" with "foreperson."

The Court will not use the parties' stipulated instruction 35. Instead, the Court will use the following instruction 3.5:

> A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

From the parties' filing, the Court can tell that proposed instructions 1–18 are meant to be preliminary jury instructions, and proposed instructions 19–35 are meant to be the final jury instructions. However, some of the preliminary instructions (e.g., what is evidence, what is not evidence, burden of proof, credibility of witnesses) should presumably be repeated in the final instructions. However, the parties do not say which ones they think should be repeated. The Court **ORDERS** the parties to file a joint statement no later than October 9, 2025, stating their

views on which preliminary jury instructions should be repeated in the final instructions.[2]

**IT IS SO ORDERED.**

Dated: October 2, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[2] On October 1, 2025, the parties submitted a Joint Statement on Mitigation of Damages Jury Instruction. ECF No. 91. As discussed at the pretrial conference on October 2, 2025, the Court will defer ruling on the issue of whether a jury instruction on mitigation of damages is appropriate until after the close of evidence at trial.

11