UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VARGAS,<br><br>    Plaintiff,<br><br>    v.<br><br>L. LOPEZ, et al.,<br><br>    Defendants. | Case No. 23-cv-02490-TSH<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 116 |

The parties have a discovery dispute concerning the October 8, 2025 depositions of Captain Handley and Warden Koenig. The Court's discovery order at ECF No. 85 stated: "Plaintiff may depose Correctional Captain Handley and retired CTF Warden Koenig for three hours each prior to October 10, 2025 about statements made in the withheld documents." The current dispute is whether the Court's order limited the subject matter of the depositions to "statements made in the withheld documents." Plaintiff says no, and Defendants say yes.

Defendants are correct. As Plaintiff acknowledges in his section of the joint discovery letter brief, with respect to the depositions, the Court ordered the relief Plaintiff requested. In ECF No. 79, Plaintiff requested the following remedies:

> Plaintiff requests that this Court issue an order (1) requiring Defendants and the CDCR to produce all documents and communications relating to the release of inmates to the Yard on May 25, 2021; (2) allowing Plaintiffs to take limited depositions of CTF Warden Koenig and Correctional Captain Handley prior to October 10, 2025 about statements made in the withheld documents; (3) allowing Plaintiffs to add CTF Warden Koenig as a witness at trial; and (4) imposing sanctions against Defendants pursuant to Fed. R. Civ. Proc. 37(c)(1)(A) for fees incurred since September 9, 2025 relating to this discovery dispute, or, in the alternative, allowing Plaintiff to inform the jury of Defendants' failure to produce these documents pursuant to Fed. R. Civ. Proc. 37(c)(1)(B).

1   For request number 2, the Court granted the remedy Plaintiff requested. The subject matter limitation "about statements made in the withheld documents" was lifted straight out of Plaintiff's request. The Court thought it was ordering the depositions Plaintiff wanted. Litigation is an adversarial process. The way that works is that each side asks for things, and the Court rules on those requests, so it's important to ask for the things you want. The Court did not make a decision about whether the withheld documents would have justified full-scope depositions of Handley and Koenig about anything relevant to the case because the Court was not asked to make that decision. Accordingly, the Court cannot say that defense counsel improperly instructed the witnesses not to answer during the depositions, and Plaintiff's motion to compel and for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 10, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2