United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNESTO VARGAS,

        Plaintiff,

v.

L. LOPEZ, et al.,

        Defendants.

Case No. 23-cv-02490-TSH

**ORDER**

Re: Dkt. Nos. 111, 112

        The parties have a jury trial scheduled for October 20, 2025. ECF No. 58. In preparation for trial, Plaintiff Ernesto Vargas and Defendants Officer L. Lopez-Ortega and Lieutenant C. Whitman (collectively, "Defendants") submitted two joint statements. *See* ECF No. 111 (Attire and Restraints of Non-Party Witnesses Dicey and Falcon); ECF No. 112 (Evidence of Indemnity at the Punitive Damages Phase).

**A.    In-Custody Witnesses**

        Vargas plans to call two prisoners as witnesses at trial: Berlan Dicey and David Falcon. ECF No. 71-4. At the pretrial conference on October 2, 2025, the Court ordered the parties to submit a joint statement setting forth their views on attire and shackling for the in-custody witnesses. ECF No. 93.

        Vargas argues that the in-custody witnesses should appear at trial in prison attire without any form of shackling because "shackling would be unduly prejudicial as it would necessarily suggest to the jury that their testimony is less credible[.]" ECF No. 111 at 1. Defendants argue that the in-custody witnesses should appear at trial "in prison attire and be restrained in the manner that they are transported to the courthouse and deemed appropriate for safety and security by custodial staff" because "facts specific to Dicey and Falcon provide compelling circumstances to

warrant restraining them while testifying." *Id.* at 1–2.

Here, the Court finds that Dicey and Falcon should appear at trial in prison attire because the parties agree that this is appropriate. The Court finds that the circumstances concerning these in-custody witnesses do not demonstrate a need for shackling. The Court acknowledges the seriousness of Dicey and Falcon's convictions, as set forth by Defendants. *See id.* at 2–3 ("Both Dicey and Falcon are serving life sentences for first-degree murder."). However, the in-custody witnesses will only be present for a brief time in the courtroom to provide their testimony. Moreover, as discussed during the pretrial conference, CDCR officers will be present in the courtroom during trial to provide security. Therefore, even if compelling reasons exist for shackling Dicey and Falcon, the Court finds that the less restrictive alternative of the presence of CDCR officers during trial is a sufficient security measure. *See Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994) ("The judge has wide discretion to decide whether a defendant who has a propensity for violence poses a security risk and warrants increased security measures."); *cf. Claiborne v. Blauser*, 934 F.3d 885, 901 (9th Cir. 2019) (explaining that even where "a compelling need for security" exists, courts must consider "any less restrictive alternatives" to visibly shackling an in-custody plaintiff).

Accordingly, the Court **ORDERS** that in-custody witnesses Dicey and Falcon (1) appear at trial in prison attire; and (2) are not shackled during their testimony or in the presence of the jury.

**B.  Evidence Of Indemnity At The Punitive Damages Phase**

At the pretrial conference, Vargas—in addressing the Court's tentative ruling on Defendants' Motion *in Limine* No. 5 regarding evidence of indemnity at the liability phase (ECF No. 90)—requested that the Court also exclude lack of evidence of indemnity at the punitive damages phase. The Court ordered the parties to submit a joint statement addressing Vargas's request. ECF No. 93.

Vargas requests that the Court exclude "evidence or argument relating to (1) Defendants' personal liability for punitive damages and (2) any hardship that may result from an award of punitive damages." ECF No. 112 at 3. Vargas argues that such evidence and argument is (1) unduly prejudicial to Vargas; and (2) "not relevant to whether punitive damages should be

1   assessed against Defendants or in what amount." *Id.* at 1–3.  Defendants contend that the Court
2   should deny Vargas's request because (1) it is a belated motion *in limine*; (2) Vargas can offer
3   "evidence of indemnification by the State for impeachment purposes if Defendants open the
4   door"; and (3) because Defendants bear "the burden of proving financial worth when arguing in
5   mitigation of punitive damages," Defendants "must be allowed to testify as to their net worth and
6   ability to pay punitive damages[.]"  *Id.* at 3–4.  Defendants also request that the Court give a jury
7   instruction during the punitive damages phase "that Defendants are personally liable for any
8   punitive damages award." *Id.* at 4.

9       Here, the Court finds that evidence and argument relating to Defendants' personal liability
10  for and hardship arising from punitive damages is relevant and admissible under Rule 403.
11  Overall, the Court agrees with Defendants that because Defendants must prove financial worth
12  when arguing in mitigation of punitive damages, the jury will necessarily be aware of Defendants'
13  personal liability.  *Id.*; *see Tri-Tron Int'l v. Velto*, 525 F.2d 432, 438 (9th Cir. 1975) (explaining
14  that defendants must introduce "evidence on their financial ability to pay" for consideration in
15  punitive damages award).  Indeed, "evidence of a tortfeasor's wealth is traditionally admissible as
16  a measure of the amount of punitive damages that should be awarded[.]" *City of Newport v. Fact
17  Concerts, Inc.*, 453 U.S. 247, 270 (1981).  Therefore, the evidence is relevant.  Further, Vargas
18  does not explain how "[e]vidence of the effects a verdict assessing punitive damages might have
19  on Defendants" unduly prejudices Vargas.  ECF No. 112 at 2.  Because Vargas claims he is
20  entitled to punitive damages, the relevance of Defendants' net worth outweighs any prejudice.
21  Fed. R. Evid. 403; *cf. Reddy v. Nuance Commc'ns, Inc.*, No. 5:11-cv-05632-PSG, 2015 WL
22  4648008, at *3 (N.D. Cal. Aug. 5, 2015).

23      Regarding Defendants' request for a jury instruction during the punitive damages phase
24  stating that the Defendants are personally liable for any punitive damages award, the Court finds
25  that this is not warranted.  The parties previously submitted a stipulated proposed jury instruction
26  regarding punitive damages that instructs the jury in assessing the amount of punitive damages.
27  *See* ECF No. 70 at 78–79.  The Court issued a ruling adopting this proposed instruction, which
28  conforms to the Ninth Circuit's Model Jury Instructions.  *See* ECF No. 95 at 10.  Further, it is not

3

clear that Defendants would personally have to pay any punitive damage award. As Defendants point out, California law "provides that a public [entity] is not required to pay a punitive damage award." ECF No. 112 at 4 (citing Cal. Gov't Code § 825(a)). Defendants do not argue, however, that a public entity is prohibited from paying a punitive damage award. Cal. Gov't Code § 825(b) provides there are some situations in which a public entity may pay a punitive damages award entered against an employee.

Accordingly, the Court **DENIES** Vargas's request to exclude evidence and argument of Defendants' personal liability for and hardship arising from punitive damages at the punitive damages phase. The Court **DENIES** Defendants' request for a jury instruction that Defendants would be personally liable for any punitive damage award.

**IT IS SO ORDERED.**

Dated: October 14, 2025

THOMAS S. HIXSON
United States Magistrate Judge

4