1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    ERNESTO VARGAS,                           Case No. 23-cv-02490-TSH

8                    Plaintiff,

9         v.                                   **ORDER DENYING PLAINTIFF'S**
                                               **MOTION FOR SANCTIONS**
10   L. LOPEZ, et al.,                         Re: Dkt. No. 92

11                   Defendants.

12

13                         **I.    INTRODUCTION**

14        Plaintiff Ernesto Vargas, an inmate at the Correctional Training Facility in Soledad,

15   California, brings this case under 42 U.S.C. § 1983 and California state law, against Defendants

16   Correctional Officer L. Lopez-Ortega and Correctional Lieutenant C. Whitman (collectively,

17   "Defendants").  ECF No. 1.  Pending before the Court is Vargas's Motion for Sanctions against

18   Defendants and/or their counsel for Defendants' failure to fulfill their Rule 26(e) discovery

19   obligations.  ECF No. 92 ("Mot.").  For the reasons stated below, the Court **DENIES** the motion.[1]

20                         **II.    BACKGROUND**

21        The parties are scheduled for jury trial on October 20, 2025.  ECF No. 58.  On September

22   18, 2025, the parties filed a joint discovery letter regarding a discovery dispute concerning, *inter*

23   *alia*, Vargas's request for production ("RFP") 1.  ECF No. 79 ("Discovery Letter").  RFP 1 was

24   issued to non-party California Department of Corrections and Rehabilitation ("CDCR").

25   Declaration of Zoe E. Gallagher ¶ 4 (ECF No. 92-1), Ex. 3 (ECF No. 92-4) ("CDCR Subpoena").

26   RFP 1 requested:  "All Documents and Communications discussing or referring to the Incident."

27   _____

28   [1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 6,
     12.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Discovery Letter at 4; *see also* CDCR Subpoena at 7; Declaration of C. Georgely ("Georgely

2   Decl.") ¶ 5 (ECF No. 113-1), Ex. A (ECF No. 113-2) (CDCR Response to RFP 1). "Incident" was

3   defined as: "the use of force incident with the incident log number CDCR-602 #127090 that

4   occurred in the Central Training Facility, a California State Prison, on May 25, 2021, and

5   involved, among other participants, Plaintiff and Defendants." CDCR Subpoena at 5.

6          According to Vargas, Defendants knowingly withheld documents responsive to RFP 1 of

7   an anonymous tip to prison officials that inmates affiliated with the Bulldog prison gang intended

8   to attack non-Bulldog-affiliated prisoners on May 25, 2021 (the "Tip Documents"). Discovery

9   Letter at 1; *see id.* at Ex. 3 (ECF No. 79-3) (Tip Documents). Vargas alleged that Defendants

10  violated Rule 26(e) and requested that the Court

11          issue an order (1) requiring Defendants and the CDCR to produce all
            documents and communications relating to the release of inmates to
12          the Yard on May 25, 2021; (2) allowing Plaintiffs to take limited
            depositions of CTF Warden Koenig and Correctional Captain
13          Handley prior to October 10, 2025 about statements made in the
            withheld documents; (3) allowing Plaintiffs to add CTF Warden
14          Koenig as a witness at trial; and (4) imposing sanctions against
            Defendants pursuant to Fed. R. Civ. Proc. 37(c)(1)(A) for fees
15          incurred since September 9, 2025 relating to this discovery dispute,
            or, in the alternative, allowing Plaintiff to inform the jury of
16          Defendants' failure to produce these documents pursuant to Fed. R.
            Civ. Proc. 37(c)(1)(B).
17

18  *Id.* at 3.

19         The Court issued a discovery order on September 24, 2025, finding that Defendants did not

20  fulfill their obligation under Rule 26(e) because they failed to supplement their document

21  production with the Tip Documents which were responsive to RFP 1. ECF No. 85 ("Discovery

22  Order"). The Court granted two of Vargas's requested remedies, ordering:

23          1. Plaintiff may depose Correctional Captain Handley and retired CTF
            Warden Koenig for three hours each prior to October 10, 2025 about
24          statements made in the withheld documents.

25          2. Plaintiff may add CTF Warden Koenig as a witness at trial.

26          3. Plaintiff's sanctions motion shall be filed no later than October 1,
            2025. Defendants' opposition is due October 8, 2025. Plaintiff's
27          reply is due October 10, 2025.

28  *Id.*

1        On October 1, 2025, Vargas filed the instant Motion for Sanctions.  ECF No. 92 ("Mot.").

2  On October 8, 2025, Defendants filed an Opposition.  ECF No. 113 ("Opp.").  On October 10,

3  2025, Vargas filed a Reply.  ECF No. 118 ("Reply").

### III.  DISCUSSION

5        Vargas requests that the Court impose three types of sanctions on Defendants and/or their

6  counsel:  (1) an adverse inference "as a result of Defendants' improper failure to produce

7  responsive documents"; (2) an award of expenses; and (3) monetary sanctions.  Mot. at 4:16–22.

8        At the outset, Defendants contend that the Tip Documents are not responsive to RFP 1

9  because the parties agreed to narrow the scope of RFP 1, and that Vargas failed to apprise the

10  Court of RFP 1's narrowed scope.  Opp. at 1:23–2:3.  Vargas responds that any agreement to limit

11  the scope of RFP 1 did not absolve Defendants of their duty to produce the Tip Documents.  Reply

12  at 2:22–5:27.  Vargas further contends that because "[t]he Court has already decided that

13  Defendants *were not* 'substantially justified' in withholding the Tip Documents," sanctions are a

14  foregone conclusion.  *Id.* at 2:8–9 (emphasis in original); *see also id.* at 1:2–3, 6:6–11.  But Vargas

15  misses the point.  While Defendants missed the boat on raising these arguments during the

16  discovery dispute, the sanctions ship has not sailed.  Defendants must be given the opportunity to

17  demonstrate that sanctions are not warranted.  Therefore, the Court must first determine whether

18  the parties agreed to narrow the scope of RFP 1 before deciding whether sanctions are appropriate.

19        Defendants assert that in August 2024, Vargas "and CDCR agreed to narrow the scope of

20  [RFP 1] to only include documents that reference 'Vargas' and Vargas's CDCR number

21  'V12122.'"  Opp. at 1:23–2:3.  Defendants further explain:

> On August 30, 2024, DAG Georgely and Vargas's counsel met and conferred as to the scope of Vargas's [RFP 1] to CDCR.  They agreed to narrow the scope of the request.  The amended scope of the request was narrowed to include only documents that contained 'Vargas' and Vargas's CDCR number, 'V12122.'  They also agreed that CDCR's search for responsive documents was limited to email accounts for Officer Lopez-Ortega and Lieutenant Whitman.  CDCR conducted the search and produced document [*sic*] responsive to the amended [RFP 1].  This agreement was memorialized in CDCR's response to the request for production served in September 2024.  No communication has been received from Vargas or his counsel expressing any disagreement with the agreement provided in CDCR's response to [RFP 1].

United States District Court
Northern District of California

United States District Court
Northern District of California

1  *Id.* at 3:3–13 (citing Georgely Decl. ¶ 5, Ex. A) (internal citations omitted).  Vargas counters that

2  "[h]aving now reviewed emails relating to the August 30, 2024 meet and confer call, Defendants

3  misrepresent what happened."  Reply at 2:22–3:17.  Vargas further explains:

> Critically, emails between counsel for the parties show that any agreement [Vargas] made to narrow the scope of [RFP 1] to the CDCR was explicitly based upon Mr. Georgely's representation that, as drafted, most emails responsive to RFP No. 1 would be 'unrelated to this case,' and Mr. Georgely's request that [Vargas] 'limit the request to documents related to [Vargas].'  Moreover, [Vargas] never agreed to limit the scope of the request to all documents containing 'Vargas' and Vargas's CDCR number, 'V12122,' as Mr. Georgely now contends.  On July 31, 2024, former counsel for [Vargas] Mr. Christian Brown emailed Mr. Georgely agreeing to add additional search terms to narrow searches that allegedly hit on thousands of documents.  Those search terms included 'Bulldogs,' 'riot,' and 'Vargas.'  Counsel for [Vargas] later agreed to substitute 'Vargas' for his inmate number, 'V12122,' based on Mr. Georgely's representation that any document referring to Vargas would contain his inmate number (which is unique to him), whereas the term 'Vargas' resulted in false positives as several inmates are CTF named 'Vargas.'  As stated by former counsel for [Vargas] Mr. Christian Brown, to the extent [Vargas] was willing to narrow the RFPs and apply new search terms, he was only willing to do so long as alterations honored the fact that 'Mr. Vargas has a right to discovery so he can prosecute his claims.  We want to work with you to get through fact discovery so that all parties can assess their claims and defenses.'

17  *Id.* (citing Reply Declaration of Zoe E. Gallagher ¶¶ 2–3 (ECF No. 118-1), Exs. 1–2 (ECF Nos.

18  118-2, 118-3)) (internal citations omitted).  Vargas also states:

> While these communications predate the August 30, 2024 meet and confer call, any agreements made by counsel for [Vargas] as to the scope of these requests on that call were based on representations made by Mr. Georgely about whether responsive documents existed.  As his colleagues did in similar cases, Mr. Georgely, at the very least, should have corrected the record in July of 2025 when he allegedly learned for the first time that his prior representations were mistaken.

23  *Id.* at 3 n.2.

24  Vargas thus provides information regarding counsels' communications prior to the August

25  30, 2024, meet and confer call but does not squarely address what transpired during that call.  Nor

26  does Vargas address Defendants' assertion that Vargas agreed to narrow RFP 1's scope by

27  limiting the search for responsive documents "to email accounts for Officer Lopez-Ortega and

28  Lieutenant Whitman."  Opp. at 3:3–13.  And Vargas does not address Defendants' argument that

United States District Court
Northern District of California

1  counsels' agreement to narrow RFP 1's scope "was memorialized in CDCR's response to the

2  request for production served in September 2024."  *Id.*; *see* Georgely Decl., Ex. A at 2 ("After

3  meeting and conferring with Plaintiff's counsel on August 30, 2024, the parties agreed to narrow

4  the request to documents that include 'Vargas' and his CDCR number 'V12122,' and narrowed

5  the email accounts to be searches [*sic*] as the accounts for Defendants Whitman and Lopez-

6  Ortega."). This is problematic because the Tip Documents were not sent to or received by either

7  of the two Defendants.  Opp. at 3:13–19; *see generally* Tip Documents.  Thus, the agreement to

8  limit the email accounts to be searched is dispositive.  *See* Opp. at 3:13–19 (citing Georgely Decl.

9  ¶ 7) ("Based on the contents of the tip documents, namely electronic message delivery

10  information, it would not have been in Officer Lopez-Ortega and Lieutenant Whitman's emails

11  because neither received or sent the documents and the documents do not discuss them.").

12       Accordingly, the Court finds that because the Tip Documents were not responsive to RFP

13  1's narrowed scope, Defendants were not obligated to produce them in response to that RFP and

14  therefore cannot be sanctioned for failing to supplement that production pursuant to Rule 26(e).[2]

15  As such, sanctions against Defendants are not warranted.

### IV.   CONCLUSION

17       For the reasons stated above, the Court **DENIES** Vargas's Motion for Sanctions.

18       **IT IS SO ORDERED.**

20  Dated: October 17, 2025

21  

22  _____
    THOMAS S. HIXSON
    United States Magistrate Judge

---

[2] The Court acknowledges that in the Discovery Letter, Vargas argued that the Tip Documents were also responsive to RFP 4.  Discovery Letter at 2; *see also* Reply at 4 n.3 (arguing that the Tip Documents are also responsive to RFP 4).  However, the Court's Discovery Order only analyzed whether the Tip Documents were responsive to RFP 1 and subsequently ordered sanctions briefing on that finding.  *See generally* Discovery Order.  Therefore, RFP 4 cannot serve as a basis for sanctions in the instant Motion.  Further, RFP 4 is unclear.  The first half of the RFP is about a policy, and the second half is about an event on a specific day.  The Court cannot tell what RFP 4 asked for.