1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    ERNESTO VARGAS,                    Case No.  23-cv-02490-TSH

8                    Plaintiff,

9          v.                          **FINAL JURY INSTRUCTIONS**

10   L. LOPEZ, et al.,                  Ctrm:  D, 15th Floor
                                        Judge:  Honorable Thomas S. Hixson
11                   Defendants.

12

13

14   Dated: October 28, 2025

15

16   THOMAS S. HIXSON
     United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

# 1. DUTY OF JURY

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## 2. BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### 3. BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

1

**4. TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

2

3        You should decide the case as to each defendant separately.  Unless otherwise stated, the

4  instructions apply to all parties.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 5. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    1.     the sworn testimony of any witness;

    2.     the exhibits that are admitted into evidence;

    3.     any facts to which the lawyers have agreed; and

    4.     any facts that I have instructed you to accept as proved.

United States District Court
Northern District of California

# 6. WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

In addition, some evidence was received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider evidence for any other purpose.

United States District Court
Northern District of California

# 7. EVIDENCE FOR LIMITED PURPOSE

Some evidence was admitted only for a limited purpose.  When I instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1

## 8. DIRECT AND CIRCUMSTANTIAL EVIDENCE

2

3      Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4  testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5  evidence is proof of one or more facts from which you could find another fact.  You should

6  consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7  either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8  evidence.

9      By way of example, if you wake up in the morning and see that the sidewalk is wet, you

10  may find from that fact that it rained during the night.  However, other evidence, such as a turned

11  on garden hose, may provide a different explanation for the presence of water on the sidewalk.

12      Therefore, before you decide that a fact has been proved by circumstantial evidence, you

13  must consider all the evidence in the light of reason, experience, and common sense.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

# 9. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## 10. DEPOSITION IN LIEU OF LIVE TESTIMONY

You heard from depositions during the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as you consider testimony given in court.

1

## 11. IMPEACHMENT EVIDENCE—WITNESS

2

3      The evidence that a witness has been convicted of a crime may be considered, along with

4  all other evidence, in deciding whether or not to believe the witness and how much weight to give

5  to the testimony of the witness and for no other purpose.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 12. SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

2

3          The Plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides

4   that any person or persons who, under color of state law, deprives another of any rights, privileges,

5   or immunities secured by the Constitution or laws of the United States shall be liable to the injured

6   party.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**13. SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF**

_____

In order to prevail on his § 1983 claim against Defendants Lopez-Ortega and Whitman, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The defendant acted under color of state law; and

2. The act or failure to act of the defendant deprived the plaintiff of particular rights under the United States Constitution as explained in later instructions; and

3. The defendant's conduct was an actual cause of the claimed injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Defendants acted under color of state law.

The defendant's conduct is an actual cause of a plaintiff's injury only if the injury would not have occurred "but for" that conduct, and the conduct has a sufficient connection to the result.

If you find that Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under Instruction 14 (Particular Rights—Eighth Amendment), your verdict should be for Plaintiff as to that claim. If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements as to that claim, your verdict should be for that defendant.

If you find that Plaintiff has proved each of these elements, and if you find that Plaintiff has proved all the elements he is required to prove under Instruction 15 (Particular Rights—First Amendment Retaliation), your verdict should be for Plaintiff as to that claim. If, on the other hand, you find that Plaintiff has failed to prove any one or more of these elements as to that claim, your verdict should be for that defendant.

## 14. PARTICULAR RIGHTS—EIGHTH AMENDMENT—CONVICTED PRISONER'S CLAIM OF FAILURE TO PROTECT

As previously explained, Plaintiff has the burden of proving that the act or failure to act of Defendant Lopez-Ortega deprived him of particular rights under the United States Constitution. In this case, Plaintiff alleges Defendant Lopez-Ortega deprived him of his rights under the Eighth Amendment to the Constitution when Defendant Lopez-Ortega purposely released Plaintiff to the prison yard.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." To prove Defendant Lopez-Ortega deprived Plaintiff of this Eighth Amendment right, Plaintiff must prove the following elements by a preponderance of the evidence:

First, Defendant Lopez-Ortega made an intentional decision with respect to the conditions under which Plaintiff was confined;

Second, those conditions put Plaintiff at substantial risk of suffering serious harm;

Third, Defendant Lopez-Ortega did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of Defendant Lopez-Ortega's conduct obvious; and

Fourth, by not taking such measures, Defendant Lopez-Ortega caused Plaintiff's injuries.

With respect to the third element, Defendant Lopez-Ortega's conduct must be both objectively unreasonable and done with a subjective awareness of the risk of harm. In other words, Defendant Lopez-Ortega must have known facts from which an inference could be drawn that there was a substantial risk of serious harm, and he must have actually drawn that inference.

**15. PARTICULAR RIGHTS—FIRST AMENDMENT—CONVICTED PRISONER'S CLAIM OF RETALIATION**

As previously explained, Plaintiff has the burden of proving that the act of Defendant Whitman deprived him of particular rights under the United States Constitution. In this case, Plaintiff alleges Defendant Whitman deprived him of his rights under the First Amendment to the Constitution when Defendant Whitman retaliated against him for filing a grievance by concluding that Vargas was guilty of participating in a riot without considering the evidence Vargas sought to present at the Rule Violation Report ("RVR") hearing.

Under the First Amendment, a prisoner has the right to access the courts and petition the government for redress of grievances. This includes the right to file prison grievances. To establish Defendant Whitman deprived Plaintiff of this First Amendment right, Plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Plaintiff was engaged in conduct protected under the First Amendment;

2. Defendant Whitman took adverse action against Plaintiff;

3. Defendant Whitman took adverse action against Plaintiff because of Plaintiff's protected conduct;

4. The adverse action taken by Defendant Whitman chilled Plaintiff's exercise of his First Amendment rights; and

5. The action taken by Defendant Whitman did not reasonably advance a legitimate correctional goal.

For this type of claim, adverse action is action that would chill or silence a person of ordinary firmness from engaging in that activity.

To prevail, Plaintiff must show that his protected conduct was the substantial or motivating factor behind Defendant Whitman's conduct. A substantial or motivating factor is a significant factor. The chronology of events may be considered as circumstantial evidence of a causal connection between the adverse action and the plaintiff's protected conduct.

1

2

## 16. CAUSATION

3    In order to establish that the acts or failure to act of Defendant Lopez-Ortega caused him

4 harm, Plaintiff must show that the Defendant Lopez-Ortega's conduct was the actionable cause of

5 his claimed injury.  Plaintiff must establish both causation-in-fact and proximate causation.

6    A defendant's conduct is a "cause-in-fact," of a plaintiff's injury only if the injury would

7 not have occurred but for that conduct.

8    A defendant's conduct is a "proximate cause" of a plaintiff's injury if it was not just any

9 cause, but one with a sufficient connection to the result, meaning that the plaintiff's injury was a

10 reasonably probable consequence of the defendant's action or failure to act.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## 17. NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS

3      Plaintiff claims that he was harmed by Defendant Lopez-Ortega's negligence.  To establish

4 this claim, Plaintiff must prove all of the following:

5           1. That Defendant Lopez-Ortega was negligent;

6           2. That Plaintiff was harmed; and

7           3. That Defendant Lopez-Ortega's negligence was a substantial factor in causing

8           Plaintiff's harm.

9      Defendant Lopez-Ortega had a duty to protect Plaintiff from foreseeable harm inflicted by

10 a third party.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

United States District Court
Northern District of California

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 18. BASIC STANDARD OF CARE

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if that person does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Defendant Lopez-Ortega's situation.

1

2

# 19. CAUSATION:  SUBSTANTIAL FACTOR

3

4

5

A "substantial factor" in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

6

7

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

**20. DAMAGES—PROOF AND MEASURE OF DAMAGES**

3

4

5

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

6

7

8

9

10

If you find for Plaintiff on his First Amendment claim, his Eighth Amendment claim, or his negligence claim, you must determine Plaintiff's damages.  Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendants.  In determining the measure of damages, you should consider the following:

11

        1. The nature and extent of the injuries;

12

13

        2. The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future; and

14

15

        3. The mental, physical, or emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

16

17

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**21. NOMINAL DAMAGES**

2

3        The law that applies to this case authorizes an award of nominal damages for Plaintiff's

4   First Amendment and Eighth Amendment claims.  If you find for Plaintiff on his First

5   Amendment or Eighth Amendment claim but you find that he has failed to prove damages as

6   defined in these instructions, you must award nominal damages.  Nominal damages may not

7   exceed one dollar.

8        If you find for Plaintiff on his negligence claim but you find that he has failed to prove

9   damages as defined in these instructions, you may not award nominal damages.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

## 22. DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  the amount by which damages would have been mitigated.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 22.5. DAMAGES—DIFFERENT CLAIMS

If you award Plaintiff damages against Defendant Lopez-Ortega on both his section 1983 claim and on his negligence claim, and if you award the same amount of damages on both claims, the Court will not add them together.  Instead, the Court will award that damages amount only once.  If you award different damages against Defendant Lopez-Ortega on the two claims, the Court will not add them together but will instead award the larger amount.

1

**23. PUNITIVE DAMAGES**

2

3      If you find for the Plaintiff, you may, but are not required to, award punitive damages.  The

4 purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

5 Punitive damages may not be awarded to compensate a plaintiff.

6      With regards to Plaintiff's claims under the Eighth Amendment and the First Amendment,

7 Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages

8 should be awarded.  With regards to Plaintiff's claim for negligence, Plaintiff has the burden of

9 proving by clear and convincing evidence that punitive damages should be awarded.

10      You may award punitive damages only if you find that, for each Defendant, Defendant's

11 conduct that harmed Plaintiff was malicious, oppressive, or in reckless disregard of Plaintiff's

12 rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of

13 injuring Plaintiff.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances,

14 it reflects complete indifference to Plaintiff's safety or rights, or if Defendant's act in the face of a

15 perceived risk that their actions will violate Plaintiff's rights under federal law.  An act or

16 omission is oppressive if a Defendant injures or damages or otherwise violates the rights of

17 Plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or

18 power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.

19

20

21

22

23

24

25

26

27

28

1
2

## 24. DUTY TO DELIBERATE

3       Before you begin your deliberations, elect one member of the jury as your foreperson.
4   The foreperson will preside over the deliberations and serve as the spokesperson for the jury
5   in court.
6       You shall diligently strive to reach agreement with all of the other jurors if you can do so.
7   Your verdict must be unanimous.
8       Each of you must decide the case for yourself, but you should do so only after you have
9   considered all of the evidence, discussed it fully with the other jurors, and listened to their views.
10      It is important that you attempt to reach a unanimous verdict but, of course, only if each of
11  you can do so after having made your own conscientious decision.  Do not be unwilling to change
12  your opinion if the discussion persuades you that you should.  But do not come to a decision
13  simply because other jurors think it is right, or change an honest belief about the weight and effect
14  of the evidence simply to reach a verdict.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1

2

### 25. COMMUNICATION WITH THE COURT

3

4

If it becomes necessary during your deliberations to communicate with me, you may send

5 a note through the courtroom deputy, signed by any one or more of you.  No member of the jury

6 should ever attempt to communicate with me except by a signed writing.  I will not communicate

7 with any member of the jury on anything concerning the case except in writing or here in open

8 court.  If you send out a question, I will consult with the parties before answering it, which may

9 take some time.  You may continue your deliberations while waiting for the answer to any

10 question.  Remember that you are not to tell anyone—including the court—how the jury stands,

11 whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or

12 have been discharged.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**26. RETURN OF VERDICT**

2

3       A verdict form has been prepared for you.  After you have reached unanimous agreement

4  on a verdict, your foreperson should complete the verdict form according to your deliberations,

5  sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28