JOHN S. WORDEN (SBN 267516)
  jsworden@venable.com
MICHAEL T. GLUK (SBN 326670)
  mtgluk@venable.com
ZOE GALLAGHER (SBN 355326)
  zgallagher@venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

*Pro Bono Attorneys for Plaintiff*
*Ernesto Vargas*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VARGAS<br><br>                    Plaintiff,<br><br>        v.<br><br>L. LOPEZ, et al.,<br><br>                    Defendants. | Case No. 3:23-cv-02490-TSH<br><br>**MOTION TO STRIKE COSTS**<br><br>*(Filed concurrently with Declaration of Ernesto Vargas in Support of Motion to Strike Costs and Declaration of Zoe Gallagher in Support of Motion to Strike Costs)*<br><br>Hearing Date: January 8, 2026<br>Time:              10:00 a.m.<br>Courtroom:    E – 15th Floor<br><br>Judge: Hon. Thomas S. Hixson<br><br>Action Filed:  May 22, 2023<br>Trial Date: October 20, 2025<br>Judgment Entered: October 29, 2025 |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND.............................................................................. 1

III.    LEGAL STANDARD........................................................................................ 2

IV.     ARGUMENT .................................................................................................... 2

        A.      AWARDING DEFENDANTS' COSTS OF OVER $12,000
                WOULD BE INAPPROPRIATE UNDER *DRAPER* ................................... 3

                1.      This Civil Rights Lawsuit Carries Significant Public
                        Importance ............................................................................. 3

                2.      Even Minimal Costs Would Discourage Claimants and
                        Effectively Suppress Civil Rights Litigation ....................... 4

                3.      Vargas Cannot Afford to Pay the Bill of Costs ................... 5

                4.      The Economic Disparity Between the Parties Is Drastic .... 6

        B.      VARGAS'S CLAIMS WERE BROUGHT IN GOOD FAITH
                AND "THE CASE WAS CLOSE".................................................... 7

V.      CONCLUSION.......................................................................................... 8

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Alexander v. Covello*,
   No. 20cv100-CAB-KSC, 2022 WL 4242495 (S.D. Cal. Sept. 14, 2022).................................2

5

6

*Ass'n of Mexican-Am. Educators v. California*,
   231 F.3d 572 (9th Cir. 2000) ...........................................................................................2, 4, 5

7

8

*Baltimore v. Haggins*,
   No. 1:10-cv-00931-LJO-JLT (PLC), 2014 WL 804463 (E.D. Cal. Feb. 27,
   2014) ..................................................................................................................................2, 4, 6

9

10

*Barker v. Yassine*,
   No. 2:11-cv-00246-ACP, 2016 WL 7324712 (E.D. Cal. Dec. 16, 2016).................................4

11

12

*Buenrostro v. Gonzales*,
   No. CV 06-06814 SJO, 2009 WL 10684925 (C.D. Cal. Jan. 27, 2009)...................................7

13

14

*Draper v. Rosario*,
   836 F.3d 1072 (9th Cir. 2016) ....................................................................................... *passim*

15

*Escriba v. Foster Poultry Farms, Inc.*,
   743 F.3d 1236 (9th Cir. 2014) .............................................................................................5, 6

16

17

*Garcia v. Sleeley*,
   No. 14-CV-1525 JLS (RBM), 2020 WL 4697967 (S.D. Cal. Aug. 13, 2020) .........................7

18

*Jimenez v. Sambrano*,
   No. 04cv1833-L(PCL), 2010 WL 1781602 (S.D. Cal. Apr. 30, 2010) ...............................5, 7

19

20

*Lemire v. Schwarzenegger*,
   No. 2:08-cv-00455-GEB-EFB, 2011 WL 4055771 (E.D. Cal. Sept. 12, 2011) .......................4

21

*Littlefield v. Wash. Dept. of Corr.*,
   No. 3:23-cv-05711-TL-SKV, 2024 WL 729205 (W.D. Wash. Feb. 22, 2024).......................6

22

23

*Lopez v. Nguyen*,
   No. 13-cv-3870 CRB, 2017 WL 512773 (N.D. Cal. Feb. 8, 2017) ...........................................4

24

25

*Meeks v. Parsons*,
   No. 1:03-cv-6700 OWW, 2010 WL 2867847 (E.D. Cal. July 21, 2010) .............................4, 6

26

*Reed v. Moore*,
   No. 2:05-CV-00060 JAM-KJN P, 2011 WL 703618 (E.D. Cal. Feb. 18, 2011).....................6

27

28

*Save Our Valley v. Sound Transit*,
   335 F.3d 932 (9th Cir. 2003) .....................................................................................................3

*Sewell v. Cornwell*,
    No. 2:18-CV-02988-JAM-DB P, 2021 WL 663715 (E.D. Cal. Feb. 18, 2021) ......................6

*Stanley v. Univ. of S. Cal.*,
    178 F.3d 1069 (9th Cir.1999) ......................................................................................5

*Washburn v. Fagan*,
    No. C03-00869 MJJ, 2008 WL 361048 (N.D. Cal. Feb. 11, 2008)........................................3, 6

*Williams v. Ogbuehi*,
    No. 1:19-cv-00855-JLT-EPG, 2024 WL 1138133 (E.D. Cal. Jan. 14, 2025) ........................2

**Other Authorities**

First Amendment ..............................................................................................................3

Eighth Amendment ...........................................................................................................3, 4

Fed. R. Civ. P. 54(d)(1).....................................................................................................2

## I.     INTRODUCTION

It is undisputed that on May 25, 2021, Plaintiff Ernesto Vargas ("Vargas") was violently assaulted, suffered serious injuries, and then was issued a Rules Violation Report for "participating in a riot." Seeking some form of recourse, Vargas then spent four years litigating his claims in good faith. Now, after prevailing at trial, Defendants—who have been buttressed by the resources of the state of California and have personally incurred *no* expenses litigating these claims—ask this Court to require Vargas to pay the costs the state incurred in litigation. Vargas is an indigent prisoner with no money, and now—as of his trial in this case—no job. He cannot pay Defendants costs and requiring him to do so would be manifestly unjust. As such, Vargas brings this Motion to Strike Costs ("Motion") asking this Court to exercise its discretion and decline to award Defendants costs.

## II.     FACTUAL BACKGROUND

Ernesto Vargas, a formerly *pro se* and *in forma pauperis* litigant,[1] has no means whatsoever by which to pay the $12,910.53 the government now seeks. *See* generally Declaration of Ernesto Vargas[2] ("Vargas Decl."); ECF No. 179. Vargas filed his complaint on May 22, 2023. ECF No. 1. He was required to pay approximately $400 to file his complaint and has been paying off that balance incrementally for the past two-and-a-half years. Vargas Decl. ¶¶ 2-3. Vargas's only source of income was the various jobs he has had at the Correctional Training Facility ("CTF"), where he has earned between $0.08/hour and $0.55/hour. *Id.* at ¶¶ 6-7. Vargas worked those jobs regularly until he was transferred to San Quentin for trial in this case on October 17, 2025. *Id.* at ¶ 8. While at San Quentin, Vargas was housed in solitary confinement and was not permitted to work. *Id.* at ¶ 9. Upon his return to CTF on November 4, 2025, Vargas was informed that he had lost his job. *Id.* at ¶ 11. Vargas has made efforts to get his job back, but to no avail. *Id.* at ¶¶ 12-14. As of November 26, 2025, Vargas has no source of income. Gallagher Decl. at ¶ 4. He now has no means

---

[1] Vargas's case was referred to the Federal Pro Bono Project on October 18, 2023, after Defendants indicated to the Court that they did not intend to file a summary judgment motion. ECF No. 16. Counsel from Venable LLP agreed to represent Vargas on a *pro bono* basis on December 3, 2023. ECF No. 17.

[2] Vargas's signed declaration has yet to be received by Venable LLP and is therefore forthcoming. Declaration of Zoe Gallagher ("Gallagher Decl.") at ¶¶ 6-8.

to buy basic commissary items like food and hygiene products, let alone pay the $12,910.53 the government now seeks. *See generally* Vargas Decl.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 54(d)(1) "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). Although FRCP 54(d)(1) creates a rebuttable presumption of awarding costs to a prevailing party, Courts in the Ninth Circuit routinely exercise their discretion and decline to award costs against an indigent or incarcerated plaintiff. *See, e.g.*, *Alexander v. Covello*, No. 20cv100-CAB-KSC, 2022 WL 4242495 (S.D. Cal. Sept. 14, 2022) (denying costs in prisoner case because plaintiff was indigent); *Williams v. Ogbuehi*, No. 1:19-cv-00855-JLT-EPG, 2024 WL 1138133 (E.D. Cal. Jan. 14, 2025) (denying costs in prisoner case because plaintiff's allegations were non-frivolous); *Baltimore v. Haggins*, No. 1:10-cv-00931-LJO-JLT (PLC), 2014 WL 804463 (E.D. Cal. Feb. 27, 2014) (refusing to award costs because plaintiff had limited financial resources).

Courts may deny costs where any of the following considerations apply: (1) the substantial public importance of the case; (2) the closeness and difficulty of the issues of the case; (3) the chilling effect on future similar actions; (4) the plaintiff's limited financial resources; and (5) the economic disparity between the parties. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citing *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014)). This list is not "exhaustive," but rather a "starting point for analysis" of "'good reasons' for declining to award costs." *Id.*

## IV.    ARGUMENT

Under controlling precedent, it would be "inappropriate [and] inequitable to award costs" against Vargas because he is an indigent litigant who brought his claims in good faith. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593; *Draper*, 836 F.3d at 1087. Accordingly, the Court should exercise its discretion to grant Vargas's Motion to Strike Costs.

First, all four out of the five *Draper* factors that apply to this case weigh against holding Vargas responsible for costs. The first factor applies because Vargas's civil rights lawsuit raises an issue of substantial public importance; the third factor applies because forcing inmates to incur

1  thousands of dollars in costs for bringing constitutional claims will chill future similar actions; the
2  fourth factor applies because Vargas has no money to his name; and finally, the fifth factor applies
3  because, whereas Vargas is indigent, Defendants—who are indemnified by the state and have
4  incurred no personal expenses in defending against Vargas's claims—have abundant means.

5      Second, beyond the *Draper* factors, Defendants should not be awarded costs because
6  Vargas's claims were brought in good faith, were not frivolous, and "the case was close." *Draper*,
7  863 F.3d at 1088.

8  **A.  AWARDING DEFENDANTS' COSTS OF OVER $12,000 WOULD BE**
9      **INAPPROPRIATE UNDER *DRAPER***

10      Where "several factors weigh heavily against a large cost award . . . and severe injustice
11  would result from such an award," a district court errs in taxing costs against an *in forma pauperis*
12  litigant. *Draper*, 863 F.3d at 1089 (vacating the $3,018.35 cost award); *see also Save Our Valley*
13  *v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("a district court abuses its discretion by failing
14  to conclude that the presumption [in favor or awarding costs] has been rebutted" where "severe
15  injustice will result from an award of costs (such as the injustice that would result from an indigent
16  plaintiff's being forced to pay tens of thousands of dollars of her alleged oppressor's legal costs)").
17  Here, several factors weigh against the requested cost award.

18      **1.  This Civil Rights Lawsuit Carries Significant Public Importance**

19      The first *Draper* factor applies because Vargas's civil rights lawsuit, which scrutinizes the
20  taxpayer-funded "rehabilitation facility" in which he is incarcerated, raises an issue of significant
21  public importance. Vargas's complaint included three claims: a California negligence claim, an
22  Eighth Amendment failure to protect claim, and a First Amendment retaliation claim.

23      Of particularly significant public importance is Vargas's Eight Amendment claim. The
24  Ninth Circuit has indicated that civil rights cases concerning the Eighth Amendment are of
25  substantial public importance to protecting the rights and safety of prisoners. *Draper*, 836 F.3d at
26  1088; *see also Washburn v. Fagan*, No. C03-00869 MJJ, 2008 WL 361048, at *2 (N.D. Cal. Feb.
27  11, 2008) (declining to award the prevailing party costs where a civil rights plaintiff asserted,
28  among other things, excessive force against city police officers in violation of the Eighth

3

1    Amendment); *Lopez v. Nguyen*, No. 13-cv-3870 CRB, 2017 WL 512773, at *2–4 (N.D. Cal. Feb.

2    8, 2017) (declining to award costs to the prevailing defendants where the plaintiff brought Eighth

3    Amendment claims that raised "an issue of substantial public importance."). Vargas's civil rights

4    suit raised significant constitutional issues, including an issue vital to all prisoners: the right to be

5    protected while incarcerated, and the right to petition for redress of grievances without fear of

6    retaliation.

7           **2.    Even Minimal Costs Would Discourage Claimants and Effectively Suppress**

8                 **Civil Rights Litigation**

9           The third *Draper* factor applies because taxing costs against Vargas will chill future similar

10   cases. In *Draper*, the Ninth Circuit recognized that awarding costs "chill[s] similar lawsuits

11   challenging Eighth Amendment violation in jails and prisons." *Draper*, 836 F.3d at 1088; *see also*

12   *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592–93. "Even those with meritorious cases may

13   choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with

14   conviction and imprisonment." *Draper*, 836 F.3d at 1088.

15          Courts in the Ninth Circuit therefore routinely decline to assess costs against prisoners

16   proceeding *in forma pauperis* who are unsuccessful in their civil rights actions. *See, e.g., Barker*

17   *v. Yassine*, No. 2:11-cv-00246-ACP, 2016 WL 7324712, at *2–3 (E.D. Cal. Dec. 16, 2016)

18   (denying $1,834.30 in costs and concluding that "[b]ecause the majority of prisoners are indigent,

19   their access to the courts on potentially meritorious claims must not be compromised by their fear

20   of incurring costs should they not prevail"); *Baltimore v. Haggins*, No. 1:10-cv-00931-LJO-JLT

21   (PLC), 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014) (denying $1,462.61 in costs and noting

22   that, despite the frequency with which section 1983 cases were brought by indigent inmates, "the

23   potential chilling effect of being assessed costs upon defeat cannot be ignored"); *Lemire v.*

24   *Schwarzenegger*, No. 2:08-cv-00455-GEB-EFB, 2011 WL 4055771, at *2 (E.D. Cal. Sept. 12,

25   2011) (denying costs in a prisoner's rights case because "imposing costs on Plaintiffs may chill

26   civil rights litigation in this area of the law" (cleaned up)); *Meeks v. Parsons*, No. 1:03-cv-6700

27   OWW, 2010 WL 2867847, at *2 (E.D. Cal. July 21, 2010) (declining to tax costs against a

28   defendant where, in part, the "award has the potential to chill meritorious civil rights actions");

*Jimenez v. Sambrano*, No. 04cv1833-L(PCL), 2010 WL 1781602, at *1 (S.D. Cal. Apr. 30, 2010) (declining to award costs in a *pro bono* prisoner case for a formerly *pro se* and *in forma pauperis* plaintiff where "[a]warding a large sum of costs against Plaintiff may have a chilling effect on future civil rights litigants").

The same logic applies here. Holding Vargas responsible for costs of $12,910.53 would inflict an undesirable chilling effect on future civil rights litigants, particularly for incarcerated individuals seeking to vindicate their constitutional rights. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593 (affirming the district court's denial of costs because the "extraordinarily high" costs "might have the regrettable effect of discouraging potential [civil rights] plaintiffs"). Costs of $12,910.53 are "extraordinarily high" for California state prisoners, who typically earn "from $0.16 to $0.74 per hour."[3] Vargas should not have to pay the costs Defendants incurred litigating Vargas's non-frivolous civil rights claims because doing so will chill future similar actions.

### 3. Vargas Cannot Afford to Pay the Bill of Costs

The fourth *Draper* factor also weighs in favor of Vargas because he has no means by which to pay the costs Defendants request. In civil rights cases, a court abuses its discretion when it awards costs against a losing plaintiff without considering the plaintiff's limited financial resources. *Assoc. of Mexican-Am. Educators*, 231 F.3d at 592; *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir.1999). This Court should not tax costs against Vargas because he is indigent and cannot afford to pay. *Escriba*, 743 F.3d at 1248 ("Costs are properly denied when a plaintiff would be rendered indigent should [he] be forced to pay the amount assessed") (cleaned up). At the time of the incident underlying Vargas's complaint, Vargas was employed as a porter making $0.08/hour. Vargas Decl. ¶ 6. In 2023, Vargas started a new job, earning $0.55/hour. *Id.* at ¶ 7. With only enough money to purchase basic goods at commissary, Vargas could not afford a lawyer to represent him in his case against Defendants. As such, Vargas proceeded *pro se* until December 3, 2023, when counsel from Venable took on his case *pro bono*. *Id.* at ¶ 5; ECF No. 17.

---

[3] "State Prisons Offset New Inmate Wage Hikes by Cutting Hours for Some Workers," published on Apr. 26, 2024, *available at* https://www.kqed.org/news/11983846/state-prisons-offset-new-inmate-wage-hikes-by-cutting-hours-for-some-workers.

Vargas continued to work until October 17, 2025, when he was transferred from CTF to San Quentin for trial.[4] *Id.* at ¶ 8. Upon his return to CTF, Vargas was notified he had lost his job. Vargas received no explanation as to why he was no longer employed, and despite his efforts, he remains unemployed as of this filing. Vargas Decl. ¶¶ 10-14. Vargas has no income and no other means of financial support. *Id.* at ¶ 15. Moreover, Vargas is still paying the $400 filing fee to bring his May 22, 2023, complaint. *Id.* at ¶ 3. Vargas is unable to pay even a reduced costs award.[5]

Consistent with the approach taken by numerous courts in similar cases, this Court should exercise its discretion to deny Defendants' Bill of Costs. *See, e.g.*, *Washburn v. Fagan*, No. C03-00869 MJJ, 2008 WL 361048, at *2 (N.D. Cal. Feb. 11, 2008) (denying bill of costs case based on statements in *in forma pauperis* application); *Baltimore*, 2014 WL 804463, at *2 (denying $1,462.61 bill of costs in prisoner civil rights case where plaintiff was granted *in forma pauperis* status and was represented by *pro bono* counsel); *Reed v. Moore*, No. 2:05-CV-00060 JAM-KJN P, 2011 WL 703618, at *2 (E.D. Cal. Feb. 18, 2011) (denying $4,293.89 bill of costs in a prisoner civil rights case because "it is highly unlikely that Plaintiff would be able to satisfy any award of costs"); *Meeks*, 2010 WL 2867847, at *2 (denying $7,450.00 bill of costs in prisoner case where plaintiff was represented by *pro bono* counsel).

### 4.    The Economic Disparity Between the Parties Is Drastic

Finally, the fifth *Draper* factor weighs in favor of striking Defendants' Bill of Costs because the economic disparity between the parties' resources is massive and cannot be ignored. Indeed, the economic disparity between the parties—a prisoner and a state entity—is about as great as one might envision. *Sewell v. Cornwell*, No. 2:18-CV-02988-JAM-DB P, 2021 WL 663715, (E.D. Cal. Feb. 18, 2021) at *2; *see also Littlefield v. Wash. Dept. of Corr.*, No. 3:23-cv-05711-TL-SKV, 2024 WL 729205 (W.D. Wash. Feb. 22, 2024), at *2 (noting the "vast economic

---

[4] While at San Quentin, Vargas was housed in solitary confinement and was unable to work. Vargas remained in solitary confinement until November 4, 2025, even though a verdict was reached on October 29, 2025.

[5] While the PLRA provides that an award of costs would be paid out over time, with 20% of Vargas's earnings put toward the costs at each pay period, this would still result in manifest injustice and chill speech, as outlined above. No costs should be taxed against Vargas, let alone the $12,910.53 Defendants request.

1    disparity" between a *pro se* prisoner and "Defendants, a state correctional agency and its

2    employees" in declining to award costs). Defendants in this case were represented by the California

3    Attorney General's Office and there is no evidence that they personally bore any out-of-pocket

4    costs. To the contrary, Defendants actions before trial indicated that money was no issue to them

5    when they instructed the CDCR to transport Vargas and his two incarcerated witnesses in three

6    separate vehicles from the Correctional Training Facility in Monterey County to San Quentin in

7    Marin County—a request that correctional officers considered highly unusual. Gallagher Decl. ¶¶

8    2-3. It would be a severe injustice to now assess costs on Vargas given his dire economic

9    circumstances, when Defendants, in stark contrast, have significant financial resources. As such,

10   Vargas's Motion should be granted.

11   **B. VARGAS'S CLAIMS WERE BROUGHT IN GOOD FAITH AND "THE CASE**

12   **WAS CLOSE"**

13           Taxing costs against Vargas where his claims were brought in good faith would be unjust,

14   particularly where, in the words of the *Draper* Court, "the case was close." In *Draper*, in addition

15   to the five primary factors considered by courts, the Ninth Circuit additionally considered the

16   validity of the plaintiff's claims in determining not to tax costs against him. 836 F.3d at 1088. The

17   *Draper* Court emphasized that the plaintiff's claims survived summary judgment; and "ultimately,

18   the case turned on which competing account of events the jurors believed," as evidenced by the

19   fact that "after closing arguments, the jury deliberated for the remaining half-day and then for

20   several more hours the next morning before returning a verdict for [the defendant]." *Id.* Other

21   Ninth Circuit courts similarly decline to award costs where the underlying case had merit. *See,*

22   *e.g.*, *Jimenez*, 2010 WL 1781602, at *1 (declining to tax costs against a plaintiff where, despite the

23   fact that he "ultimately did not prevail" nonetheless had filed an action that "had some merit.");

24   *Buenrostro v. Gonzales*, No. CV 06-06814 SJO (SHx), 2009 WL 10684925, at *2 (C.D. Cal. Jan.

25   27, 2009) (declining to award costs where "plaintiff's case was not without merit," was "pursued

26   in good faith."); *Garcia v. Sleeley*, No. 14-CV-1525 JLS (RBM), 2020 WL 4697967, at *2 (S.D.

27   Cal. Aug. 13, 2020) (declining to award costs where two of indigent prisoner's claims survived to

28   summary judgment).

Vargas, whose claims survived summary judgment (*see* ECF No. 56) and were considered by the jury for more than a full day, similarly brought an action with merit. Gallagher Decl. ¶ 5. As was the case in *Draper*, this case was a close call and turned not on questions of fundamental plausibility, but rather, on competing accounts of events. As such, Vargas should not be taxed the costs incurred by Defendants in defending against claims that were brought in good faith.

## V.    CONCLUSION

For the foregoing reasons, Defendants' Bill of Costs should be struck in its entirety.

Dated:  November 26, 2025                          VENABLE LLP


                                                   */s/ Zoe Gallagher*
                                          By:      Zoe E. Gallagher
                                                   John S. Worden
                                                   Michael T. Gluk

                                                   *Pro Bono Attorneys for Plaintiff*
                                                   *Ernesto Vargas*

MOTION TO STRIKE COSTS