1  ROB BONTA
   Attorney General of California
2  KYLE A. LEWIS
   Supervising Deputy Attorney General
3  CHRISTIAN M. GEORGELY
   Deputy Attorney General
4  State Bar No. 322952
    1300 I Street, Suite 125
5   Sacramento, CA 95814
    Telephone: (916) 210-7317
6   Fax: (916) 324-5205
    E-mail: Christian.Georgely@doj.ca.gov
7  *Attorneys for Defendants
   Whitman and Lopez-Ortega*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERNESTO VARGAS,** | Case No. 3:23-cv-02490-TSH |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE COSTS** |
| v. | |
| **LOPEZ, et al.,** | Date: January 8, 2026<br>Time: 10:00 a.m.<br>Courtroom: E |
| Defendants. | Judge: Hon. Thomas S. Hixson<br>Trial Date: October 20, 2025<br>Action Filed: May 22, 2023 |

**TABLE OF CONTENTS**

**Page**

Introduction ........................................................................................................................... 1

Argument ............................................................................................................................... 1

    I.    Defendants Are Presumptively Entitled to Costs When Prevailing in Litigation ................................................................................................................... 1

    II.   The Court Should Deny Vargas's Attempt to Evade Costs He Caused Defendants to Incur ........................................................................................... 2

        A.   Vargas Waived the Opportunity to Challenge Defendants' Bill of Costs ............................................................................................................... 2

        B.   Vargas Failed to Overcome the Presumption in Favor of Awarding Costs ............................................................................................................... 4

            1.   Denying Costs Incentivizes Bad-Faith Litigation .......................... 4

            2.   Defendants' Conduct Furthered the Public Interest ...................... 5

            3.   Vargas's Claims Were Not Close and the Issues Were Not Difficult ............................................................................................ 6

            4.   Economic Disparity of Parties Does Not Override the Presumption of Awarding Costs ..................................................... 8

            5.   Indigency Does Not Rebut the Presumption of Awarding Costs ................................................................................................ 9

Conclusion........................................................................................................................... 11

i

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Arellano v. Sihotang*
No. 3:20-cv-00228-RBM-LR, 2023 WL 7312500 (S.D. Cal. Nov. 6, 2023) .................... 1, 10

*Ass'n of Mexican-Am. Educators v. California*
231 F.3d 572 (9th Cir. 2000) ...............................................................................1, 6, 7, 8

*Boyd v. City & County of San Francisco*
395 F. App'x 342 (9th Cir. 2010) ................................................................................ 2, 3

*Draper v. Rosario*
836 F.3d 1072 (9th Cir. 2016) ..................................................................................... *passim*

*Garcia v. Moreno*
No. 1:18-cv-00014-DAD-SAB (PC), 2021 WL 366865 (E.D. Cal. Feb. 3,
2021) ........................................................................................................................ 4, 10

*Jenson v. Santa Clara County*
32 F. App'x 203 (9th Cir. 2002) ........................................................................................ 2

*Konig v. Dal Cerro*
No. C 04-02210 WHA, 2008 WL 4628038 (N.D. Cal. Oct. 16, 2008) ................................... 3

*Lewis v. Clarke*
581 U.S. 155 (2017) ............................................................................................................ 9

*Mandujano v. Geithner*
No. C 10–01226 LB, 2011 WL 3566398 (N.D. Cal. Aug. 12, 2011) ..................................... 2

*Miles v. California*
320 F.3d 986 (9th Cir. 2003) .............................................................................................. 1

*Player v. Salas*
No. 04CV1761 LABWMC, 2007 WL 4250015, at *2 (S.D. Cal. Nov. 30,
2007) ................................................................................................................................ 9

*Save Our Valley v. Sound Transit*
335 F.3d 932 (9th Cir. 2003) .............................................................................................. 1

*Sorgen v. City & County of San Francisco*
No. 05-CV-03172 TEH, 2007 WL 1514432 (N.D. Cal. May 21, 2007) ................................ 3

*Uribe v. Babienco*
No. C 13-01106 WHA, 2016 WL 5930269 (N.D. Cal. Oct. 12, 2016) ............................... 10

ii

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

# TABLE OF AUTHORITIES
(continued)

Page

*Van Horn v. Dhillon*
  No. 08–CV–01622 LJO DLB, 2011 WL 66244 (E.D. Cal. Jan. 10, 2011) ......................... 6, 9

*Walker v. California*
  200 F.3d 624 (9th Cir. 1999) ........................................................................................... 3

*Zayas v. Ortega*
  No. 17-cv-02739-EMC, 2019 WL 11005524 (N.D. Cal. Jan. 28, 2019) ............................ 3

**STATUTES**

United States Code, Title 28
  § 1915(b)(2) ..................................................................................................................... 9
  § 1915(f) ........................................................................................................................... 1
  § 1920 .............................................................................................................................. 3

California Code of Regulations, Title 15
  § 3050 ......................................................................................................................... 9, 10
  § 3060 ......................................................................................................................... 9, 10

California Government Code
  § 825(a) ........................................................................................................................... 8

Penal Code
  § 1915 ......................................................................................................................... 9, 10

**CONSTITUTIONAL PROVISIONS**

United States Constitution
  Eighth Amendment ......................................................................................................... 5

**COURT RULES**

Federal Rules of Civil Procedure
  Rule 50 ............................................................................................................................ 7
  Rule 54(d)(1) ................................................................................................................... 1
  Rule 59 ............................................................................................................................ 7

Federal Rules of Evidence
  Rule 602 .......................................................................................................................... 5
  Rule 801 .......................................................................................................................... 5
  Rule 802 .......................................................................................................................... 5

iii

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

USDC Northern District Local Rules
    Rule 54(d) ............................................................................................................................ 10
    Rule 54-1(a) ........................................................................................................................... 2
    Rule 54-2 ................................................................................................................................ 3
    Rule 54-2(a) ........................................................................................................................... 2
    Rule 54-2(b) ........................................................................................................................... 2
    Rule 54-2(b) ...................................................................................................................... 2, 3

iv

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

# INTRODUCTION

Without meeting and conferring with Defendants Lopez-Ortega and Whitman, Plaintiff Vargas moved to strike Defendants' bill of costs and scheduled a motion hearing for January 8, 2026. Vargas, however, does not deny that he caused Defendants to incur more than $12,000 in recoverable costs to defend against his lawsuit, which a jury unanimously found failed to prove a single claim. Nor does Vargas challenge that Defendants properly seek more than $12,000 in recoverable costs. The Court should not permit Vargas to avoid reimbursing Defendants the recoverable costs Vargas caused Defendants to incur to defend this action. At a minimum, Vargas must be ordered to reimburse Defendants a symbolic portion of the recoverable costs incurred.

Thus, the Court should grant Defendants' bill of costs and deny Vargas's motion to strike.

# ARGUMENT

## I. DEFENDANTS ARE PRESUMPTIVELY ENTITLED TO COSTS WHEN PREVAILING IN LITIGATION

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000); *see also Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) ("[T]here is a strong presumption in favor of awarding costs to the prevailing party."). This presumption also applies to prisoner plaintiffs proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(f) ("Judgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . . If the judgment against a prisoner includes the payment of costs . . . , the prisoner shall be required to pay the full amount of the costs ordered."); *see also Arellano v. Sihotang*, No. 3:20-cv-00228-RBM-LR, 2023 WL 7312500, at *2 (S.D. Cal. Nov. 6, 2023) (ordering prisoner plaintiff with $15,000 in restitution to pay over $1,500 in costs).

The "losing party" bears the burden to show "why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)). Some factors for a court to refuse to award costs include the

1

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

following: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014)).

## II. THE COURT SHOULD DENY VARGAS'S ATTEMPT TO EVADE COSTS HE CAUSED DEFENDANTS TO INCUR

### A. Vargas Waived the Opportunity to Challenge Defendants' Bill of Costs

Vargas waived the opportunity to challenge Defendants' bill of costs, because Vargas failed to comply the Civil Local Rules. Despite the clear language in Civil Local Rule 54-2(b), Vargas failed to meet and confer prior to moving to strike Defendants' bill of costs. (Georgely Decl. Supp. Defs.' Opp'n Mot. Strike Costs (Georgely Decl.) ¶ 2.) Under Civil Local Rule 54-1(a), a prevailing party seeking taxable costs must serve and file a bill of costs within 14 days after entry of judgment. The Rule then requires the losing party serve and file any objections within 14 days after service of a bill of costs. Civ. L.R. 54-2(a). Before objecting to a bill of costs, the objecting party must meet and confer with the prevailing party or must, at a minimum, make "a good faith effort to arrange such a conference." Civ. L.R. 54-2(b); *see Jenson v. Santa Clara County*, 32 F. App'x 203, 207 (9th Cir. 2002) (unpublished) (clarifying that Civil Local Rule 54-2(b)'s meet and confer requirement applies only to the party that objects to a cost bill).

The Court should deny Vargas's motion to strike, which functions as objections to Defendants' bill of costs, for failure to comply with Civil Local Rule 54-2(b). *See Mandujano v. Geithner*, No. C 10–01226 LB, 2011 WL 3566398, at *1 (N.D. Cal. Aug. 12, 2011) (denying civil rights plaintiff's objections to costs bill for failure to comply with Rule 54-2(b)). By not meeting and conferring as to any grounds for which Vargas objects to Defendants' bill of costs, Vargas waived all grounds to object to the bill of costs. *See Boyd v. City & County of San Francisco*, 395 F. App'x 342, 342–43 (9th Cir. 2010) (affirming costs award in civil rights action on the grounds that plaintiff waived their right to challenge a cost award by failing, as required under local rules, to timely object to the bill of costs or meeting and conferring

2

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

1  beforehand); *Zayas v. Ortega*, No. 17-cv-02739-EMC, 2019 WL 11005524, at *1–2 (N.D. Cal.
2  Jan. 28, 2019) (denying civil rights plaintiff's motion to review costs, because plaintiff failed to
3  meet and confer with counsel for a defendant-peace officer as to the grounds by which plaintiff
4  argued entitle her to a reduction in costs); *see also Sorgen v. City & County of San Francisco*,
5  No. 05-CV-03172 TEH, 2007 WL 1514432, at *3 n.1 (N.D. Cal. May 21, 2007) (plaintiff's
6  failure to comply with the meet and confer requirement in Rule 54-2(b) is grounds for denying
7  leave to file objections to a bill of costs). Vargas provides no explanation to excuse his failure to
8  meet and confer. (*See* Pl.'s Mot. Strike Costs, ECF No. 180; Decl. Gallagher Supp. Pl.'s Mot.
9  Strike Costs, ECF No. 180-1; Decl. Vargas Supp. Pl.'s Mot. Strike Costs, ECF No. 180-2.)
10         Even if the Court considers Vargas's present objections, Vargas does not dispute the
11 amount or basis for the costs identified in Defendants' costs bill nor that the requested costs are
12 recoverable under 28 U.S.C. § 1920. (*See* Pl.'s Mot. Strike Costs, ECF No. 180.) Vargas therefore
13 waived objections to the basis for how Defendants calculated their bill of costs or whether the
14 costs are recoverable. *See Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999) (holding party
15 waives the right to challenge a cost award if they failed to object); *see also Boyd*, 395 F. App'x at
16 342–43 (9th Cir. 2010) (affirming costs award in civil rights action on grounds that plaintiff
17 waived the right to challenge a cost award by failing, as required under local rules, to timely
18 object to the bill of costs or meeting and conferring beforehand); *Konig v. Dal Cerro*, No. C 04-
19 02210 WHA, 2008 WL 4628038, at *2 (N.D. Cal. Oct. 16, 2008) (holding plaintiff waived right
20 to challenge costs by not filing objections per Local Rule 54-2).
21         Additionally, Vargas noticed the hearing without meeting and conferring with Defendants.
22 (Georgely Decl. ¶ 3.) The Court's Professional Conduct Guidelines provide that "a lawyer should
23 try to verify the availability of key participants and witnesses before a meeting, hearing, or trial
24 date is set." *Professional Conduct Guidelines*, N.D. Cal.,
25 https://cand.uscourts.gov/attorneys/admission-bar-membership (last visited Dec. 8, 2025); *see* Jt.
26 Case Mgmt. Statement at 8, ECF No. 57 (acknowledging review of guidelines).) If Vargas had
27 followed the guidelines and met and conferred with defense counsel, he would have learned that
28 Defendants' lead counsel is unavailable to appear for the hearing. (Georgely Decl. ¶ 3.)

3

Thus, the Court should deny Vargas's motion to strike Defendants' costs bill and award Defendants' requested costs.

### B. Vargas Failed to Overcome the Presumption in Favor of Awarding Costs

Vargas failed to overcome the presumption in favor of awarding costs, because the factors identified in *Draper*, 836 F.3d at 1087, do not favor denying Defendants the costs they are entitled to recover and that Vargas forced Defendants to incur.

#### 1. Denying Costs Incentivizes Bad-Faith Litigation

Awarding costs to Defendants would disincentivize plaintiffs from engaging in litigation tactics like Vargas's, which included wasteful discovery practices, meritless allegations of bad faith, and unnecessary depositions. *See Draper*, 836 F.3d at 1088. The motion to strike does not acknowledge that district courts in the Ninth Circuit have held that awarding costs amounting to thousands of dollars against a prisoner plaintiff does not chill potential civil rights plaintiffs. *See Garcia v. Moreno*, No. 1:18-cv-00014-DAD-SAB (PC), 2021 WL 366865, at *2 (E.D. Cal. Feb. 3, 2021) (concluding plaintiff failed to demonstrate how awarding costs of a transcript would chill civil rights plaintiffs and listing cases in support).

First, Vargas's litigation strategy indicated he was willing to force Defendants to expend resources. (*See* Georgely Decl. Supp. Defs.' Bill Costs ¶¶ 3b, 3c, 3d, 3e, 3i, 3j, ECF No. 179-1.) Vargas does not dispute that Defendants incurred $3,334.20 in recoverable costs because of depositions Vargas noticed. (*See id.*) Defendants understand that most prisoners litigate *pro se*. Ordering an award of costs based on Vargas's decision to deploy a discovery tactic unavailable to most *pro se* prisoners, however, would not disincentivize similar lawsuits. *See Draper*, 836 F.3d at 1088 (analyzing the chilling factor by focusing on chilling the filing of lawsuits). Vargas is not like most prisoners, because Vargas proceeded through most of this litigation with counsel. (*See* Order Appointing Counsel, ECF No. 17 (Dec. 3, 2023).) Only after the appointment of counsel did Defendants incur all but $800.05 of the recoverable costs sought here. (*See* Georgely Decl. Supp. Defs.' Bill Costs ¶¶ 3b–3j, ECF No. 179-1.)

Second, permitting Vargas to escape costs when he failed to accurately describe in Court filings discovery agreements between the parties, which forced Defendants to bear $868.20 in

4

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

costs for the depositions of non-parties Captain Handley and Warden Koenig, incentivizes future bad behavior. (*See* Georgely Decl. Supp. Defs.' Bill Costs ¶¶ 3i–3j, ECF No. 179-1.) In September 2025, Vargas asked the Court to resolve a discovery dispute. (Jt. Statement Disc. Dispute, ECF No. 79.) Based on the Court-ordered limited briefing, the Court ordered the depositions of Captain Handley and Warden Koenig. (Disc. Order at 2, ECF No. 85.)

Vargas, however, never informed the Court of the parties' agreement to narrow the scope of discovery. (*See* Defs.' Opp'n Pl.'s Mot. Sancts. at 22, ECF No. 113.) Only when Defendants had the opportunity to fully outline the discovery dispute did the Court become aware that the at-issue documents were not responsive to the relevant discovery request, because the parties agreed to narrow discovery much earlier. (Order Denying Pl.'s Mot. Sancts. at 5, ECF No. 127.) The Court found Vargas's argument attempting to avoid his own agreement to be "problematic." (*Id.*) Had Vargas been candid with the Court, the Court would not have ordered the depositions of Captain Handley and Warden Koenig, and Defendants would not have been forced to incur $868.20 in costs for those depositions. (*See id.*; Disc. Order at 2, ECF No. 85.) Therefore, the Court should not reward Vargas for engaging in less-than-candid litigation tactics by allowing him to escape costs associated with depositions he caused through inaccurate representations.

Thus, this factor favors Defendants and an award of costs.

### 2. Defendants' Conduct Furthered the Public Interest

Officer Lopez-Ortega and Lieutenant Whitman, through their actions in 2021 and in successfully defending against Vargas's claims, furthered the public interest. *See Draper*, 836 F.3d at 1088. Although the Ninth Circuit has held that Eighth Amendment cases safeguard the rights of prisoners, Vargas cannot avoid costs because he asserted a claim that falls within this category, especially when his conduct cost taxpayers thousands of dollars only to have a jury return a unanimous verdict against him. (*See* Jury Verdict, ECF No. 158.)[1]

Defendants', however, in successfully defeating Vargas's claims have more thoroughly vindicated a public interest than Vargas—showing the absence of improper prison operations. *See*

---

[1] The statements in paragraphs 2 and 3 of the Declaration of Gallagher (ECF No. 180-1) are inadmissible hearsay. *See* Fed. R. Evid. 801 and 802. The statements also lack personal knowledge. *See* Fed. R. Evid. 602.

5

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

1  *Assoc. of Mexican–Am. Educators*, 231 F.3d at 599–600 (Fernandez and Rymer, JJ., dissenting)
2  (noting that in claims raising a substantive public interest, "a defendant may well be the party
3  correctly representing that public interest."). Here, evidence presented at trial establishes that
4  Defendants were acting in a manner that furthered the public interest of ensuring prison
5  operations consistent with civil rights and therefore limiting the burden on taxpayers through
6  lawsuits. *See id.* (defendants properly represented the public's desires and aspirations). Therefore,
7  Defendants—not Vargas—furthered the public interest by defending against Vargas's claims.
8  Thus, this factor favors Defendants and an award of costs.

### 3. Vargas's Claims Were Not Close and the Issues Were Not Difficult

The Court should award costs, because the issues were not difficult and evidence does not show Vargas's claims were close. *See Draper*, 836 F.3d at 1088. The only evidence the motion to strike identifies to show that Vargas's claims were close are that Vargas survived summary judgment and the jury deliberations extended into a second day. (Pl.'s Mot. Strike Costs at 11–12, ECF No. 180.) These arguments fail to overcome the presumption of awarding costs.

First, to survive summary judgment, a plaintiff need only identify a disputed material fact, which can be achieved through false statements. *See Van Horn v. Dhillon*, No. 08–CV–01622 LJO DLB, 2011 WL 66244, at *5 (E.D. Cal. Jan. 10, 2011) (noting that surviving summary judgment does not indicate a case was close). The existence of a disputed material fact, in a vacuum, should not determine that a case is close, especially here. *See id.* Vargas survived summary judgment based on his declaration. (*See* Order Denying Defs.' Mot. Summ. J. at 6–10, ECF No. 56 (identifying facts Vargas disputes and his declaration as evidence in support).) But during trial, Vargas admitted to repeatedly making false statements material to his claims. For example, when Vargas participated in interviews designed to determine whether he could safely participate in programs with Bulldogs, Vargas admitted that he provided false and inaccurate statements. (*See* Trial Tr. at 354:16–355:12, ECF No. 154; *see also* Trial Tr. at 311:13–15, 349:10–354:15, ECF No. 154.) To survive summary judgment, Vargas only needed to provide false testimony consistent with his testimony that, to serve his self-interest, he provided false statements to prison officials. (*See id.*) The general statement in *Draper* regarding surviving

6

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

1  summary judgment and closeness does not apply here, because the Ninth Circuit did not address a
2  case where plaintiff admitted to making false statements material to the merits of his claim.
3      Second, the length of time the jury spent deliberating supports an inference that this case
4  was not close. (*See* Pl.'s Mot. Strike at 11–12, ECF No. 180.) Based on the Court's daily minute
5  orders, the jury deliberated for a maximum of seven hours and 22 minutes, or 442 minutes. (*See*
6  Minute Entry (Oct. 28, 2025), ECF No. 152; Am. Minute Entry (Oct. 29, 2025), ECF No. 157.)
7  Considering that trial spanned two weeks, including 11 witnesses and over 900 pages of admitted
8  exhibits, this amount of time is neither unreasonable nor suggests the case was close. (*See* ECF
9  Nos. 168–178 (defense counsel counted 920 pages of admitted exhibits).) In terms of exhibits
10 alone, the jury would have reviewed more than two pages of exhibits per minute of deliberation,
11 which equates to more than 124 pages of exhibits per hour. (*See id.*) When understanding the
12 extent of admitted exhibits and number of witnesses, plus incorporating time for the jury to
13 deliberate as to questions posed on the verdict form and reading jury instructions, the jury
14 returning a verdict after a little more than seven hours of deliberations suggests reaching the
15 unanimous verdict in favor of Defendants was not close. (*See id.*) Moreover, Vargas's decision to
16 not move for judgment under Federal Rule of Civil Procedure 50, not to move for a new trial
17 under Rule 59, and not to file a notice of appeal further supports the conclusion that Vargas
18 himself did not believe this case was close. (*See generally* Docket.)
19     Additionally, the issues in this case were not difficult. *See Draper*, 836 F.3d at 1087. No
20 expert testimony was introduced, which the Ninth Circuit has identified as indicating the
21 difficulty of an issue. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 599–600 (noting the case
22 was difficult in relying on a type of studies that "are by their nature difficult, expensive, time
23 consuming and rarely, if ever, free of error" (internal quotations marks omitted)). And the Court
24 declined Defendants' request to include the substantive elements of Vargas's claims in the
25 preliminary jury instructions on the grounds that the claims were straightforward. (*See* Trial Tr. at
26 7:9–24, ECF No. 153.) The Court also used a general verdict form, because a special verdict form
27 was not necessary for this non-complex case. (*See* Trial Tr. at 1196:18–97:1, ECF No. 166.)
28     Thus, this factor favors Defendants and an award of costs.

7

### 4. Economic Disparity of Parties Does Not Override the Presumption of Awarding Costs

The economic disparity of parties does not override the presumption to award Defendants costs. *See Draper*, 836 F.3d at 1088. While Defendants recognize a financial disparity exists between Vargas and the State, which indemnifies Defendants under California Government Code section 825(a) for costs excluding punitive damages, the Court should disregard Vargas's argument as unpersuasive. (*See* Pl.'s Mot. Strike Costs at 10–11, ECF No. 180.)

Vargas's argument is unpersuasive because he, represented on a pro bono basis by a team of multiple litigators, was able to impose high costs on Defendants without incurring any costs himself. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 599–600 (Fernandez and Rymer, JJ., dissenting.). Vargas's unsuccessful motion for the Court to order Defendants to reimburse Vargas's costs and for defense counsel to personally pay financial sanctions in association with the September 2025 discovery dispute illustrates the high costs Vargas was willing to force onto Defendants without himself risking any costs. (*See* Opp'n Pl.'s Mot. Sancts., ECF No. 113.) While not disclosing that the parties agreed to narrow the at-issue discovery request, which the Court found to be dispositive in Defendants' favor, Vargas requested the Court order Defendants to reimburse him more than $12,000 in attorney's fees and personally sanction defense counsel. (Pl.'s Mot. Sancts at 8, ECF No. 92; Order Denying Pl.'s Mot. Sancts. at 5, ECF No. 127.) Denying Defendants costs legitimately incurred defending against legal claims and alleged discovery issues would be unfair after they defeated the entirety of Vargas's claims.

This was not the David versus Goliath showdown Vargas argues this case to be. (*See* Mot. Strike Costs at 10–11, ECF No. 180.) For all but a handful of months, Vargas was represented by attorneys from one of the largest and most successful law firms in the United States. *See* Venable LLP, *U.S. News – Best Lawyers Recognizes Venable in the 2026 Edition of "Best Law Firms"* (Nov. 6, 2025), https://www.venable.com/about/news/2025/11/us-news-best-lawyers-recognizes-venable (link to the article located on the homepage of the website for Vargas's counsel); Venable LLP, *Venable Ranks Among American Lawyer Magazine's Top 100 Firms* (Apr. 15, 2025), https://www.venable.com/about/news/2025/04/venable-ranks-among-american-lawyer-magazines

8

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

1  (article posted on Vargas's counsel's website advertising itself as ranking in the top 75 of law
2  firms in the country for profits and revenue). Vargas himself acclaimed the prestige of his
3  attorneys to justify forcing Defendants to pay costs. (Pl.'s Mot. Sancts. at 7–8, ECF No. 92.)

4  Vargas does not submit evidence to establish a disparity of wealth between him and the
5  individual Defendants, who unlike Vargas, must pay their living expenses. *See, e.g.*, Cal. Code
6  Regs. tit. 15, § 3050 (the State shall provide "a wholesome, nutritionally balanced diet" to all
7  prisoners), § 3060 (the State shall "provide the means for all incarcerated persons to keep
8  themselves and their living quarters clean"). And Vargas sued Defendants as individuals—not in
9  their official capacity where they would stand in the shoes of the State. (Compl. at 6, ECF No. 1);
10 *see Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("In an official-capacity claim, the relief sought is
11 only nominally against the official and in fact is against the official's office and thus the
12 sovereign itself."). The motion to strike provides no evidence as to whether Defendants bore costs
13 with this case, including expenses to appear as Vargas's witnesses at trial. (*See* Mot. Strike Costs
14 at 11, ECF No. 180.)

15 Even if the Court looks only at the financial disparity that regularly exists between
16 individuals litigating against the government, Vargas fails to overcome the presumption of
17 awarding costs does not exist based on this factor. *See Van Horn*, 2011 WL 66244, at *4
18 (awarding costs against a former prisoner despite financial disparity).

19 Thus, this factor favors Defendants and an award of costs.

20 **5.    Indigency Does Not Rebut the Presumption of Awarding Costs**

21 Vargas's indigence is not a justification to evade the presumption of awarding costs. *See*
22 *Draper*, 836 F.3d at 1088. Furthermore, any concern that Vargas cannot currently pay costs is
23 alleviated by 28 U.S.C. § 1915(b)(2), which provides that prisoners are to incrementally pay
24 costs, making "monthly payments of 20 percent of the preceding month's income credited to the
25 prisoner's account." *See Player v. Salas*, No. 04CV1761 LABWMC, 2007 WL 4250015, at *2
26 (S.D. Cal. Nov. 30, 2007) (in light of § 1915's provision allowing installment payments, there is
27 no basis for the incarcerated plaintiff's fear that he would not be able to pay for hygiene items and
28 postage unless costs were re-taxed). The motion does not acknowledge that Ninth Circuit district

9

courts have ordered indigent prisoners to pay costs. *See, e.g.*, *id.* (ordering prisoner without work assignment and less than $200 to pay costs); *Arellano*, 2023 WL 7312500, at *2 (ordering prisoner with $15,000 in restitution to pay over $1,500 in costs); *Garcia*, 2021 WL 366865, at *2 (ordering prisoner with $37.35 to pay costs).

The motion to strike does not fully outline Vargas's financial status. (*See* Mot. Strike Costs at 5–6, ECF No. 180; Vargas Decl. at 3, ECF No. 180-2.) Vargas did not provide a copy of his inmate trust account to depict his financial status, nor does Vargas identify the amount of funds in his account. (*See id.*) The motion claims Vargas has "no means to buy basic commissary items like food and hygiene products." (Mot. Strike Costs at 5–6.) Vargas, however, has no need to buy food or hygiene products, because California law mandates the State provide Vargas and all other prisoners' costs of living. *See, e.g.*, Cal. Code Regs. tit. 15, § 3050 (the State shall provide "a wholesome, nutritionally balanced diet" to all prisoners), § 3060 (the State shall "provide the means for all incarcerated persons to keep themselves and their living quarters clean").

The motion does not acknowledge that it was Vargas's choice to forgo his work to appear at trial is what likely caused him to be reassigned from his work assignment. (*See* Mot. Strike Costs at 5–6, ECF No. 180; Vargas Decl. at 3, ECF No. 180-2.) Vargas identifies no legal authority to show that, by choosing to attend trial, his work assignment was protected or to show that a non-prisoner's job would be protected had a non-prisoner made the same choice to attend trial and miss weeks of work. (*See* Mot. Strike Costs at 5–6, ECF No. 180; *see also* Pl.'s Mot. Writ, ECF No. 96 (Vargas moving to compel his own appearance at trial).) The Court, therefore, should not reward Vargas for losing his work assignment in considering his ability to pay a costs award.

If the Court concludes Vargas's indigency makes granting Defendants' full costs bill an abuse of discretion, the Court should order Vargas to at least reimburse Defendants a symbolic amount to comport with the purpose of reimbursing the prevailing party's costs. *See Uribe v. Babienco*, No. C 13-01106 WHA, 2016 WL 5930269, at *2 (N.D. Cal. Oct. 12, 2016) (ordering prisoner plaintiff with $10.04 in his prisoner trust account to pay $200 in costs as a symbolic amount align with the spirit of Rule 54(d)).

10

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)

**CONCLUSION**

For the foregoing reasons, the Court should deny Vargas's motion to strike Defendants' bill of costs. The Court, instead, should grant Defendants' bill of costs (ECF No. 179.)

Dated:  December 10, 2025						Respectfully submitted,

ROB BONTA
Attorney General of California
KYLE A. LEWIS
Supervising Deputy Attorney General


*/s/ Christian M. Georgely*
CHRISTIAN M. GEORGELY
Deputy Attorney General
*Attorneys for Defendants Whitman and Lopez-Ortega*

SF2023401544
39512955

11

Defs.' Opp'n Pl.'s Mot. Strike Costs (Case No. 3:23-cv-02490-TSH)